[Civ. No. 10753.   Third Dist.   March 5, 1964.]

ENSHER, ALEXANDER & BARSOOM, INC., Plaintiff and Appellant, v. MARTHA ENSHER, Defendant and Respondent.

Dodge, Reyes, Brorby, Kahn & Driscoll, McCarthy & Crow, Robert P. Brorby and Thomas Schneider for Plaintiff and Appellant.

Steel & Arostegui, Robert W. Steel and John Hetland for Defendant and Respondent.

SCHOTTKY, Acting P. J.—This is appellant's second appeal from an adverse judgment in an action to declare respondent to be the resulting or constructive trustee of certain real property, commonly known as "Elkhorn Ranch," for the sole use and benefit of appellant. We reversed the judgment for respondent on the first appeal because the trial court failed to find on material issues. (*Ensher, Alexander & Barsoom, Inc.* v. *Ensher,* 210 Cal.App.2d 184 [26 Cal.Rptr. 381].) That judgment was "reversed with directions to the trial court to make findings on the issues raised by the pleadings ... and thereafter to render judgment in accordance with the findings made." (P. 191.) As to the necessity of further proceedings, we stated at page 191: "The case was thoroughly tried and we believe it is unnecessary to take further evidence. However, nothing herein contained shall be construed to preclude the trial court, should it be so advised, from recalling witnesses or taking such further evidence as it in its discretion may determine to be necessary to enable it to make the findings required hereby."

The opinion in the first appeal was filed November 26, 1962. After a rehearing in this court was denied both parties petitioned for a hearing in the Supreme Court. While the petitions were pending, Governor Brown announced the appointment of Judge Winslow Christian, the trial judge below, as Administrator of the State Health and Welfare Agency, beginning January 1, 1963. Counsel for respondent thereupon wrote to Judge Christian requesting him to delay his resignation as judge and acceptance as administrator so that he could handle further proceedings in compliance with the remittitur if the Supreme Court did not grant a hearing. In a letter to both parties, dated January 10, 1963, Judge Christian stated he intended to do as requested by counsel for respondent. Judge Christian further stated in the letter:

"I believe that the most desirable procedure would be for us to hold a hearing on the first available day after the coming down of the remittitur, for the purpose of hearing such motion as plaintiffs may wish to make for the taking of further testimony and for the purpose of considering such additional findings as defendant may wish to propose consistent with the decision of the District Court of Appeal. It would be desirable for plaintiffs to specify with the greatest practicable precision the additional evidence they would like to present. Plaintiffs should also be prepared to proceed immediately with their witnesses in the event that leave is granted to present further evidence."

A hearing in the Supreme Court was denied, and on January 28, 1963, the remittitur was sent down. On the same day respondent filed proposed findings with the trial court and appellant filed the following matters:

1. "Statement of Disqualification" against Judge Christian pursuant to subdivision 5 of section 170 of the Code of Civil Procedure. The statement alleged the appointment of Judge Christian as administrator. It also alleged that Judge Christian signed an affidavit on January 24, 1963, stating in part: "In serving what I consider my duty ... in deferring resigning as Judge and deferring taking office as Administrator of the Health and Welfare Agency ... I have accepted the personal sacrifice involved. I am concerned, however, that further delays will produce problems that will transcend the personal, and will involve the proper functioning and continuity of the office which I am to assume." Appellant believed these facts were sufficient to show Judge Christian was prejudiced and bias against appellant.

2. "Notice of Motion for Order Granting Mistrial." The sole basis alleged to support the mistrial was that Judge Christian had resigned as judge because he accepted the office of administrator.

3. "Notice of Motion" to receive additional evidence if Judge Christian was not disqualified. Appellant alleged it had "obtained additional evidence relating to the creation of a positive voluntary trust resting in parol which is both material and compelling and which was unknown to plaintiff at the time of the original trial proceedings herein."

All three matters were set for hearing on February 11, 1963. However, on February 4, 1963, a week before the scheduled hearing, Judge Christian ordered the "Statement of Disqualification" stricken from the files and denied the motion for mistrial. Judge Christian also denied the motion to receive additional evidence. His order denying the motion stated in part:

"[I]t appearing to the court that the above entitled cause was heretofore thoroughly and fairly tried and that it is unnecessary to take further evidence in said cause, and it appearing to the court that plaintiff has not been prevented from submitting any proposed findings, and it further appearing to the court that additional argument by the parties is unnecessary to a complete and final disposition of the cause, and it further appearing to the court that plaintiff has not set forth in said notice of motion, with particularity,

what evidence or argument it proposes to bring before the court, and plaintiff having not supported said motion by any affidavit or declaration, . . . ;

". . . IT IS ORDERED that said motion be, and the same is hereby denied."

Judge Christian then entered respondent's proposed findings, entered judgment for respondent, and resigned his office as judge.

On February 8, 1963, appellant filed what it called a "Supplemental, Additional and Second Statement of Disqualification" against Judge Christian. It recited the events which took place on February 4, 1963, and alleged that such events proved the prejudice and bias of Judge Christian. The statement requested the court to declare void all proceedings taken by Judge Christian after January 28, 1963.

On February 18, 1963, appellant filed a notice of motion for an order vacating and setting aside the minute order, findings of fact, conclusions of law and judgment of February 4, 1963. The notice alleged the proceedings were void. The matters alleged in the "Supplemental, Additional and Second Statement of Disqualification" formed part of the basis for the motion. On April 15, 1963, a hearing was held on the motion before Judge McDermott. The motion was denied on April 25, 1963, and this appeal followed.

█ Appellant's first contention is that Judge Christian was disqualified for cause under subdivision 5 of section 170 of the Code of Civil Procedure from passing on its January 28, 1963, motions for mistrial and additional evidence.

Section 170 of the Code of Civil Procedure provides in part: "No justice or judge shall sit or act as such in any action or proceeding:

"5. When it is made to appear probable that, by reason of bias or prejudice of such justice or judge a fair and impartial trial cannot be had before him."

█ Bias or prejudice consists of a "mental attitude or disposition of the judge towards a party to the litigation, . . ." (*Evans* v. *Superior Court,* 107 Cal.App. 372, 380 [290 P. 662].) █ In order for the judge to be disqualified, the prejudice must be against a particular party (*Evans* v. *Superior Court, supra; People* v. *Sweet,* 19 Cal.App.2d 392, 396 [65 P.2d 899]) and sufficient to impair the judge's impartiality so that it appears probable that a fair trial cannot be held. (Code Civ. Proc., § 170, subd. 5; *Evans* v. *Superior Court, supra,* at p. 381; *Briggs* v. *Superior Court,* 215 Cal.

336, 343 [10 P.2d 1003].) Any party may file "a written statement ... setting forth the fact or facts constituting the ground of the disqualification of such judge." (Code Civ. Proc., § 170, subd. 5.) ▮▮ "[I]f the written statement is timely and states sufficient facts, it is the duty of the judge to file an answer within five days or be disqualified from sitting until the matter of his bias is passed upon by another judge. (*In re Harrington*, 87 Cal.App.2d 831, 834-835 [197 P.2d 783]; *Rosenfield* v. *Vosper*, 70 Cal.App.2d 217, 221-223 [160 P.2d 842]; 1 Witkin, Cal. Procedure (1954), pp. 173-176.) Where, however, the statement is legally insufficient, the judge may ignore it or strike it from the files. (*Neblett* v. *Pacific Mut. Life Ins. Co.*, 22 Cal.2d 393, 401 [139 P.2d 934]; *Fishbaugh* v. *Fishbaugh*, 15 Cal.2d 445, 457 [101 P.2d 1084]; *People* ex rel. *Department of Public Works* v. *McCullough*, 100 Cal.App.2d 101, 108 et seq. [223 P.2d 37].)" (*Keating* v. *Superior Court*, 45 Cal.2d 440, 443 [289 P.2d 209].)

▮▮ Appellant's first statement of disqualification fails to allege any facts from which an inference of bias or prejudice by Judge Christian toward appellant could be drawn. At most, the statement shows that Judge Christian would be unable to continue with the case if further matters would be lengthy. Appellant argues that because Judge Christian felt he had to accept his new position of administrator as soon as possible, he was disposed toward denying appellant's motions without a fair consideration of the merits so that further proceedings would not delay his resignation as judge. Appellant contends that these considerations show bias and prejudice. The contention has no merit. If Judge Christian had felt there was any merit to appellant's motions and felt that further proceedings would be inconvenient for him, undoubtedly he would have resigned from the case in favor of another judge. Judge Christian had no personal bias or prejudice toward appellant nor any interest in the case, and, indeed, none is claimed. There was no reason at all for Judge Christian to deny appellant further proceedings on a showing of good cause. Appellant's supplemental statement of disqualification adds nothing to the first. Since appellant failed to allege any facts showing bias and prejudice, Judge Christian properly struck the statement from the files.

▮▮ Appellant's second contention is that the trial court's finding that Homer Ensher never held title to Elkhorn Ranch as a trustee for appellant's benefit or the finding of laches is unsupported by the evidence. We have reviewed

the record and are satisfied that the findings are adequately supported by the evidence. It is unnecessary to set forth that evidence here because appellant's contention is unsound for a more fundamental reason. In the first appeal of this case (210 Cal.App.2d 184) this court said at page 187: "We believe respondent's evidence would support findings that no trust arose upon the purchase of the property in 1946, or if it did, such trust was repudiated in 1949, and the subsequent delay in filing a claim was prejudicial and constituted laches." It is now the law of the case that the evidence is sufficient to support the findings because "An appellate court's decision on the sufficiency of evidence comes clearly within the doctrine" of law of the case. (*Wells* v. *Lloyd,* 21 Cal.2d 452, 455 [132 P.2d 471].)

■ Appellant contends that the trial court committed reversible error when, on February 4, 1963, it denied, without a hearing, appellant's motions for mistrial and for an order allowing the taking of further testimony.

The sole basis for the motion for mistrial was that Judge Christian could not enter a judgment "because he has accepted appointment to other public office, to wit, Administrator of the Health and Welfare Agency of the State of California, and, therefore, has resigned his office as Judge of the Superior Court." On this appeal appellant has abandoned its claim that Judge Christian had resigned his office as judge by accepting the position as administrator. Since appellant no longer asserts any ground for the mistrial, we need not decide whether the court erred in denying a hearing on that motion.

■ Appellant contends that the court erred in denying appellant a hearing on its motion to reopen for additional evidence. Prior to the enactment of section 1005.5 of the Code of Civil Procedure in 1953 a notice of motion and the motion itself were separate acts. The notice of motion would not suffice for the motion; counsel had to appear in court to make an oral presentation. (*Milstein* v. *Sartain,* 56 Cal.App. 2d 924, 930-931 [133 P.2d 836]; *Carnation Co.* v. *El Rey Cheese Co.,* 92 Cal.App.2d 726, 729 [208 P.2d 63].) Section 1005.5 of the Code of Civil Procedure changed this rule to provide that the notice of motion effectively makes the motion when the notice is served and filed. The section states:

"A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a

party of a hearing of the motion to which he is otherwise entitled. Procedure upon a motion for new trial shall be as otherwise provided."

■ ". . . This statute . . . modernizes the procedure by abolishing the *absolute requirement* of an appearance in court, but protects the right of either party to appear and be heard." (2 Witkin, Cal. Procedure, § 10, p. 1648.)

■ Respondent contends that no hearing was necessary and relies on *Muller* v. *Muller*, 141 Cal.App.2d 722 [297 P.2d 789], for authority. In that case the appellant appeared at the hearing and presented his motion to reopen the cause for further evidence. The judge refused to allow appellant to argue and summarily denied the motions on the affidavits alone. Appellant claimed this was error. The court rejected the contention, stating at page 731: ". . . It is, of course, the law, that a trial judge is not required to listen to oral arguments in support of a motion, but may, in his discretion, decide it solely on the basis of supporting affidavits. (*Morel* v. *Simonian*, 103 Cal.App. 490 [284 P. 694]; *Collins* v. *Nelson*, 41 Cal.App.2d 107 [106 P.2d 39]; *People* v. *Carpenter*, 3 Cal.App.2d 746 [40 P.2d 524].)"

Even on the assumption that the court erred in denying appellant a hearing on the motion to reopen, we have concluded that the error would not be prejudicial. Appellant was required to state in the notice the grounds on which the motion would be made and to file all supporting affidavits with the notice. (Code Civ. Proc., § 1010.) In his letter of January 10, 1963, Judge Christian urged appellant to comply strictly with this requirement by requesting appellant "to specify with the greatest practicable precision the additional evidence they would like to present." Nevertheless, appellant failed to file any affidavits with its notice of motion. Judge Christian could, of course, decide the motion on affidavits alone. (*Muller* v. *Muller, supra.*) When he denied the motion summarily on February 4, 1963, the record was completely devoid of any grounds to support granting the motion.

As hereinbefore set forth, we said in our opinion in the former appeal: "The case was thoroughly tried and we believe it is unnecessary to take further evidence. However, nothing herein contained shall be construed to preclude the trial court, should it be so advised, from recalling witnesses or taking such further evidence as it in its discretion may determine to be necessary to enable it to make the findings

required hereby.'' (*Ensher, Alexander & Barsoom, Inc.* v. *Ensher, supra,* at p. 191.)

We believe that Judge Christian had a right to conclude, as he did conclude, that additional argument by the parties was unnecessary and that no prejudicial error was committed by the court in denying the motion to reopen.

Appellant contends it was prejudiced because the court's action prevented it from introducing the affidavits of Mrs. Hovsebian (Homer Ensher's sister) and Mr. Hovsebian stating that in 1946 Homer Ensher stated in their presence that he had purchased Elkhorn Ranch in his name for the corporation. Appellant did not suffer any prejudice when the court denied the motion without considering the affidavits. ■ A motion to reopen a case for further evidence can be granted only on a showing of good cause. (2 Witkin, Cal. Procedure, Trial, § 2, p. 1726.) ■ The affidavits on their face fail to show any good cause. The evidence contained therein is merely cumulative. Moreover, there was no showing why the evidence could not have been discovered prior to the trial. Appellant did not advance any reason in the trial court for its failure to discover the evidence, and appellant likewise fails to advance on appeal any explanation.

No other points raised require discussion.

The judgment is affirmed.

Friedman, J., and Sparks, J. pro tem.,* concurred.

A petition for a rehearing was denied April 1, 1964, and appellant's petition for a hearing by the Supreme Court was denied April 29, 1964.

---

*Assigned by Chairman of Judicial Council.