[Civ. No. 22883.   First Dist., Div. Three.   Nov. 19, 1965.]

ENSHER, ALEXANDER & BARSOOM, INC., Plaintiff and Appellant, v. MARTHA ENSHER, Defendant and Respondent.

Dodge, Reyes, Brorby, Kahn & Driscoll, McCarthy & Crow and Robert P. Brorby for Plaintiff and Appellant.

Steel & Arostegui, Steel, Arostegui & Nelson, Robert W. Steel and John R. Hetland for Defendant and Respondent.

DEVINE, J.—A suit in equity to set aside a judgment resulted in judgment for defendant, following demurrer sustained without leave to amend, and plaintiff appeals. The parent case which produced the judgment which plaintiff seeks to set aside was a suit to impress a trust on respondent's property. There was a first judgment in favor of respondent, but this was reversed because of lack of essential findings and the cause was remanded. (*Ensher, Alexander & Barsoom, Inc.* v. *Ensher,* 210 Cal.App.2d 184 [26 Cal.Rptr. 381].) On January 23, 1963, the Supreme Court denied a petition for hearing. The trial judge, Honorable Winslow Christian, signed findings and judgment on February 4, 1963.

Meanwhile, there had occurred the events which brought about the present litigation. On December 26, 1962, Governor Edmund G. Brown announced that Judge Christian would be appointed Administrator of the Health and Welfare Agency

on January 1, 1963. Counsel for respondent requested Judge Christian to defer taking his new office until the conclusion of the parent lawsuit. On January 10, 1963, Judge Christian wrote to all counsel saying that he had decided it was his duty to continue to function in the case if reasonably practicable. Appellant sought in the District Court of Appeal a writ of prohibition or of mandate to restrain Judge Christian from taking further proceedings in the case, upon the ground that he had resigned his judicial office by performing the duties of the position to which he had been designated and holding himself out to the public as administrator of the agency. Judge Christian filed a declaration with the court, in which he stated: ''I have not, therefore, resigned as Judge of the Superior Court. I have not taken the oath of office as Administrator of the Health and Welfare Agency of the State of California, nor have I assumed or exercised the powers or duties of that office.'' Petition for alternative writ of prohibition or mandate was denied.

Thereupon, appellant moved for mistrial on the ground that Judge Christian had vacated his office, but this was denied and the court rendered judgment in favor of respondent. Appellant then filed a motion to set aside the judgment on the same ground (among others). Appellant sought to take the depositions of employees of the Health and Welfare Agency and that of Judge Christian. The motion to take depositions was denied by the trial court and therefore petitions for writ of mandate to compel the taking of depositions were denied by the District Court of Appeal and by the Supreme Court. Following these rulings, Honorable James C. McDermott denied the motion to vacate the judgment, holding that Judge Christian was a judge on February 4, 1963.

Appellant appealed from this order. The appeal was based on alleged bias and disqualification on the proposition that Judge Christian, being eager to accept his new position, was disposed to deal with the case, and in particular a motion to reopen, in a summary way. Appellant's contention was rejected. (*Ensher, Alexander & Barsoom, Inc.* v. *Ensher,* 225 Cal.App.2d 318, 323 [37 Cal.Rptr. 327].) Another ground of the appeal was that Judge Christian had vacated his office. But this ground was abandoned before the hearing of the appeal (p. 324). The appeal was also on the merits, as stated in two propositions: (1) that a motion to reopen the case for

further evidence was erroneously denied, and (2) that the evidence was not sufficient to sustain certain findings. The former of these two grounds was rejected for reasons set forth in the opinion (pp. 324-326), and the latter both upon independent review of the record and upon the grounds that the subject had been decided in the earlier appeal (210 Cal. App.2d 184, 187) and that the law of the case applied. On April 29, 1964, the Supreme Court denied a hearing of the second appeal.

On May 6, 1964, appellant filed the present suit in equity, alleging that prior to February 4, 1963, the date of the second judgment, Winslow Christian accepted the office of Administrator of the Health and Welfare Agency of the State of California and exercised the powers and duties thereof, and that by doing so he resigned his judicial office. Demurrer was on the single ground that the complaint fails to state a cause of action. The demurrer was sustained and the action was dismissed.

Appellant contends that Judge Christian's powers as a judge had terminated under two provisions of the Constitution: article VI, section 18, which provides in part that "the acceptance of any other office shall be deemed to be a resignation from the office held by said judge"; and article III, section 1, which provides that the "powers of the government of the State of California shall be divided into three separate departments—the legislative, executive, and judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except as in this Constitution expressly directed or permitted." Appellant argues that if the action were to go to trial, proof would be made that Judge Christian accepted the office of Administrator of the Health and Welfare Agency by representing himself to hold the office and by performing its duties.

*Issue as to Res Judicata*

The opinion in the second appeal contains the following among the statements of fact: "Judge Christian then entered respondent's proposed findings, entered judgment for respondent, and resigned his office as judge." (225 Cal. App.2d 322.) Respondent contends that this establishes conclusively that Judge Christian was a judge on the date of the judgment. Appellant argues that the decision on the second

appeal did not establish Judge Christian's status and that the statement in the opinion that appellant had "abandoned" the issue is erroneous and was called to the court's attention in a request for correction on petition for rehearing. Appellant's position at the time of the second appeal was that appellant intended to file this independent suit in equity and therefore declined to press its point on the asserted resignation of the judge because there had been no opportunity for appellant to present its evidence adequately at the hearing of the motion to vacate. Appellant takes the same position now and cites cases which hold that denial of a motion to vacate a judgment does not bar a separate action in equity unless the motion was denied after a detailed presentation of the issues with full opportunity to offer oral testimony. (*Rose* v. *Fuqua,* 200 Cal.App.2d 719, 723 [19 Cal. Rptr. 634]; *Sarten* v. *Pomatto,* 192 Cal.App.2d 288 [13 Cal.Rptr. 588]; *Jeffords* v. *Young,* 98 Cal.App. 400 [277 P. 163].) But this argument overlooks the fact that in rendering the judgment on February 4, 1963, Judge Christian decided that he was qualified to act as a judge because the challenge to his competency to act had been made by motion for mistrial, which he denied immediately prior to rendering the judgment. The judge acted without considering the depositions which appellant wished to produce. Thus, appeal from the judgment following the denial of motion for mistrial was subject to attack (we do not say to meritorious or successful attack) without regard to the subject of relative effectiveness of two procedures, as in the above cases balancing motions to vacate with suits in equity, because mistrial was denied without full factual presentation. The judge no doubt took judicial notice of his own position and that was all. If the decision of Judge Christian upon his own capacity to act were erroneous, and if the appellant were entitled to present evidence in support of its position that he had resigned his office, this matter could have been urged on the former appeal. ▮ There was no bar to appeal because of contention that the judgment was void. A void judgment is appealable. (*Merced Bank* v. *Rosenthal,* 99 Cal. 39 [33 P. 732]; *Ewing* v. *Richvale Land Co.,* 176 Cal. 152 [167 P. 876].) ▮ Appellant is as much bound by matters which could have been litigated as by those which actually were argued. (*Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502, 511 [258 P. 387]; *Estate of Estrem,* 16 Cal.2d 563 [107 P.2d 36]; *Sut-*

*phin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497] ; *Lake* v. *Bonynge,* 161 Cal. 120 [118 P. 535] ; 2 Freeman on Judgments, § 676, p. 1425; Rest., Judgments, § 63, comment a, p. 258.) ░ If appellant had been correct in its assertion that it was entitled to present evidence before Judge Christian to show that the judge had in effect resigned, and if it had been correct in its assertion that Judge Christian erroneously denied the mistrial, there would have been a reversal of the judgment. Appellant had no right to withhold this contention from the appellate court and to present it later in this lawsuit. (*Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636 [134 P.2d 242].) We hold that appellant is precluded by the decision in the former appeal.

### *Issue as to Judge's Status*

The judgment is to be sustained not only on the ground of res judicata, but also on the ground (not firmer, but perhaps more satisfactory because not related to tactical decisions of counsel) that this lawsuit is an impermissible collateral attack on a judge's title to office. This is so because, as shown by the complaint itself and by certain facts of which we take judicial notice, Judge Christian was at least a de facto judge when the judgment was rendered.

░ One who claims to be a public officer while in possession of an office, ostensibly exercising its functions lawfully and with the acquiescence of the public, is a de facto officer. ░ His lawful acts, so far as the rights of third persons are concerned, are, if done within the scope and by the apparent authority of office, as valid and binding as if he were the officer legally elected and qualified for the office and in full possession of it. (*In re Redevelopment Plan for Bunker Hill,* 61 Cal.2d 21, 42 [37 Cal.Rptr. 74, 389 P.2d 533].) The reason for the doctrine is that it is necessary to the supremacy and execution of the laws and that private challenge of the authority of officers in fact would produce inconsistency, confusion and insecurity of rights and of titles to property. (Jarrett, *De Facto Public Officers: The Validity of Their Acts and Their Rights to Compensation,* 9 So.Cal.L. Rev. 189, 218.) In respect of judges, the de facto doctrine operates for the soundness of judgments, orders and decrees.

Judge Christian had not qualified for his new office. ░ Until an officer-elect or officer-designate takes the oath

of office and gives whatever bonds are required, he is not authorized to discharge the duties of the office. He is not an incumbent. (*Hull* v. *Superior Court,* 63 Cal. 174, 176.) Appellant argues that the word ''acceptance'' as used in article VI, section 18 of the Constitution, a term not defined by any judicial decision in this context, includes something less than full qualification for the new office, and that by assuming the duties and by holding himself out as having received the new office, a judge effects resignation of a former judicial position. We need not decide what tests would be applied in a quo warranto proceeding brought by the state to declare the judgeship vacated. ▆▆ It is sufficient that one have held his judicial place under color of title and with public acquiescence. This was the case with Judge Christian. No successor had purported to take his place as judge. Although it seems likely that Judge Christian deferred withdrawing from his judicial position and taking the oath of his new office for the principal purpose of completing the *Ensher* case, we take judicial notice of the fact that he performed other judicial acts, including trial of two contested matters, during the period up to February 4, 1963.[1] That he was personally qualified to act as judge is beyond question; indeed, his judgment on the merits of the case was upheld on the second appeal (225 Cal.App.2d 318) and, except for the omission of findings, had virtually been approved on the first appeal (210 Cal.App.2d 184). The clerk of the court entered the judgment in this case, which he would not have done for a mere usurper. The Supreme Court and the District Court of Appeal declined to grant the writ of prohibition or mandate; and although we think this fact is not so conclusive as to show that the judge's title was de jure, it shows a measure of acquiescence and color of title. The courts would be quick to deal with one who appeared to be a mere intruder or usurper, as distinguished from a judge de jure or de facto, in a judicial place. Acquiescence is shown by the fact that the state did not proceed against the judge.

Among the cases applying the de facto officer rule to

---

[1] We gain this information from the declaration made by Judge Christian on January 24, 1963, in connection with a petition for writ in the Third Appellate District. Evidence which may be judicially noticed by the court of original jurisdiction may be considered on appeal. (*Brock* v. *Fouchy,* 76 Cal.App.2d 363, 368 [172 P.2d 945].) The evidence was, of course, judicially noticed by Judge Christian himself when he denied the motion for mistrial and rendered judgment.

judges are *People* v. *Sassovich,* 29 Cal. 480; *Merced Bank* v. *Rosenthal,* 99 Cal. 39 [33 P. 732] (holdover by judge beyond term, law then being unclear about termination date); *Matter of Danford,* 157 Cal. 425 [108 P. 322] (if it were a fact that the judge was an alien and therefore ineligible, he was nonetheless a de facto officer); *Pickens* v. *Johnson,* 42 Cal.2d 399 [267 P.2d 801] (held, judge held office de jure but if he were de facto judge, his authority could not be questioned in private lawsuit). The cases cited by appellant are distinguishable. In *Broder* v. *Conklin,* 98 Cal. 360 [33 P. 211], there was no assertion of de facto status. The new judge had commenced his term and was performing his duties when the judge whose term had expired purported to act. Likewise, in *Connolly* v. *Ashworth,* 98 Cal. 205 [33 P. 60]; *Reimer* v. *Firpo,* 94 Cal.App.2d 798 [212 P.2d 23]; and *Ross* v. *Murphy,* 113 Cal.App.2d 453 [248 P.2d 122], no question of a de facto judge was raised. In each case the successor judge had attempted to give validity to an incomplete act of his predecessor whose term unquestionably had expired.

Appellant contends that the *Merced Bank* case does not apply because therein the judge had believed in good faith that he was qualified, and that in this case, since plaintiff's pleading does not allege that the judge was acting in good faith and answer has not been filed, there is no allegation that the judge believed himself qualified to act. We are inclined to think that lack of good faith would have to be pleaded by plaintiff, but we infer from plaintiff's briefs that allegation would have been made that the judge knew that he was no longer holder of judicial office, if there had been amendment to the complaint. Because the demurrer was sustained to the original pleading without leave, we are not disposed to make anything of the pleading in this matter.

We believe, however, that the status of a de facto officer is not to be decided particularly, if at all, on the issue of good faith on his part but rather upon the objective manifestations of office. The doctrine of de facto officers is primarily for the protection of third persons and not of the judge. It is possible that a de facto judge would have serious misgivings about his right to hold office, or, indeed, might be convinced in his own mind that he had forfeited his position (for example, if he had remained outside the state for more than 60 consecutive days (Const., art. VI, § 9) although this fact might be unknown to the public). But this should not be

a test except, perhaps, in proceedings quo warranto. It seems that the reference in the *Merced Bank* case is related to the necessity for color of authority, which truly is one of the tests of a de facto judge and which has been applied by us to the case at hand. There was, at the time of the *Merced Bank* case, an apparent conflict in provisions of the Constitution relating to date of commencement of superior judges' terms. The new judge actually appeared in court as counsel before the former one during the period in question. One would not expect to find brighter color of authority than this.

Cases involving de facto judges are to be distinguished from those cited by appellant, such as *Cadenasso* v. *Bank of Italy*, 214 Cal. 562 [6 P.2d 944], in which the judge's title to office is not challenged, but a judgment by a judge disqualified by reason of his ownership of stock in a corporate litigant has been held completely void because of the absolute prohibition of section 170 of the Code of Civil Procedure.

Nothing we have said is to be taken as an implication that Judge Christian was not a judge de jure; we have referred to the de facto doctrine because of the lack of judicial definition of the word ''acceptance'' in the Constitution.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied December 15, 1965, and appellant's petition for a hearing by the Supreme Court was denied January 12, 1966.