[No. A064511. First Dist., Div. One. Mar. 11, 1994.]

RICHARD S. FLIER, as Judge, etc., Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
REGGIE PERKINS et al., Real Parties in Interest.

[No. A064612. First Dist., Div. One. Mar. 11, 1994.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
REGGIE PERKINS, Real Party in Interest.

COUNSEL

Victor J. Westman, County Counsel, Arthur W. Walenta, Assistant County Counsel, Mary Ann Mason and Andrea W. Cassidy, Deputy County Counsel, Gary Yancey, District Attorney, and L. Douglas Pipes, Deputy District Attorney, for Petitioners.

No appearance for Respondent.

Charles H. James, Public Defender, David C. Coleman III, Chief Assistant Public Defender, Daniel Clark and Roy Boyer, Deputy Public Defenders, for Real Party in Interest.

## OPINION

STEIN, J.—

### SUMMARY

By petition for writ of mandate (Code Civ. Proc., § 170.3, subd. (d))[1] the People challenge the disqualification of the Honorable Richard S. Flier from hearing People v. Perkins (Super. Ct. Contra Costa County, 1993, No. 934086-0). The decision to disqualify Judge Flier was based upon section 170.1, subdivision (a)(6)(C) (hereafter § 170.1(a)(6)(C)), which provides that a judge shall be disqualified if "a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." We will grant the People's petition for writ of mandate and hold that a person aware of the facts in this case would not reasonably entertain a doubt about Judge Flier's ability to be impartial.

We reject Mr. Perkins's argument that the People may not challenge the disqualification order by petition for writ of mandate where, as here, respondent superior court had jurisdiction of the case and the defendant may be subject to further trial or retrial. (*People* v. *Municipal Court* (*Kong*) (1981) 122 Cal.App.3d 176, 183 [175 Cal.Rptr. 861], and cases cited therein.) The statutory scheme governing judicial challenges applies to criminal proceedings. (See, e.g., *People* v. *Brown* (1993) 6 Cal.4th 322 [24 Cal.Rptr.2d 710, 862 P.2d 710]; *People* v. *Hull* (1991) 1 Cal.4th 266, 269-274 [2 Cal.Rptr.2d 526, 820 P.2d 1036]; *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 187 [137 Cal.Rptr. 460, 561 P.2d 1148]; *Pappa* v. *Superior Court* (1960) 54 Cal.2d 350, 354 [5 Cal.Rptr. 703, 353 P.2d 311].)

---

[1] Unless otherwise noted, further statutory references are to the Code of Civil Procedure.

Section 170.3, subdivision (d) specifies that the determination of the question of the disqualification of a judge may be challenged by the parties to the proceeding. The People are such a party. (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 451 [279 Cal.Rptr. 834, 807 P.2d 1063]; Pen. Code, §§ 684, 685; Gov. Code, § 100; §§ 26500, 26501; Cal. Const., art. V, § 13; and see *People* v. *Superior Court* (*Williams*) (1992) 8 Cal.App.4th 688 [10 Cal.Rptr.2d 873].) Mr. Perkins's reading of section 170.3, subdivision (d), would lead to the absurd result that one party in a criminal proceeding could never challenge an erroneous disqualification order. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1392 [241 Cal.Rptr. 67, 743 P.2d 1323].) Because our disposition of the People's petition renders Judge Flier's petition moot, we need not address the question whether a judge who has been disqualified pursuant to sections 170.1 and 170.3 may challenge that decision. (Cf. *Estate of Di Grazia* (1993) 13 Cal.App.4th 681, 684-685 [16 Cal.Rptr.2d 621], and §§ 170.3, subd. (d), and 170.5, subd. (f).)

### BACKGROUND

On December 20, 1993, defendant Perkins's attorney filed a challenge for cause (§§ 170.1, subd. (a)(6), 170.3, subd. (c)(1))[2] in which he declared under oath that "the Honorable Richard Flier is prejudiced against the interests of my client so that a fair and impartial hearing or trial before said judge cannot be obtained." The declaration further explained that Mr. Perkins was of African-American descent and that on October 21, 1993, during a plea and sentencing hearing presided over by Judge Flier, for Mr. Lindell Abercrombie (People v. Abercrombie, Super. Ct. Contra Costa County, 1993, No. 933090-3), "an African American male adult," the following occurred: "[DISTRICT ATTORNEY] Q: Do you waive that right? [¶] [DEFENDANT] A: Yes, I waive all of that. I waive all . . . [¶] THE COURT: Mr. Abercrombie, we will have to do this in an organized fashion. When he asks you a question, I want you to answer only that question. Got it. Okay. Good boy. Go ahead, please." The complete transcript of Mr. Abercrombie's plea and sentencing was appended as an exhibit to the declaration, which went on to assert that "to refer to a male, African-American defendant as 'boy' was degrading and insulting, and indicated a personal bias or attitude toward defendants of that race." Judge Flier filed a verified answer to the challenge (§ 170.3, subd. (c)(3)), in which he denied that he was biased or prejudiced against Mr. Perkins or Mr. Abercrombie for any reason, including race. Judge Flier's answer also appended the entire transcript of the Abercrombie proceeding.

---

[2]The People were not served with this document as required (§ 170.3, subd. (c)(2)); however, they concede they were on actual notice of the challenge and waive the irregularity.

The superior court determined that Judge Flier was disqualified on the basis of defense counsel's statement of disqualification, the judges's answer and the transcript exhibits attached thereto. (§ 170.3, subd. (c)(6).)[3]

## DISCUSSION

■ A determination on a challenge for cause "touches upon the core of the judicial process—the appearance of objectivity of the decision maker—requiring a careful balancing of the affected interests. [A] decision must consider both the public's right to be assured of the fair, but yet efficient, resolution of disputes and the parties' right to a decision based upon the court's objective evaluation of the facts and law. . . . Judicial responsibility does not require shrinking every time an advocate asserts the objective and fair judge *appears* to be biased. The duty of a judge to sit where not disqualified is equally as strong as the duty not to sit when disqualified." (*United Farm Workers of America* v. *Superior Court* (1985) 170 Cal.App.3d 97, 100 [216 Cal.Rptr. 4].)

■ "The standard for disqualification provided for in subdivision (a)(6)(C) of section 170.1 is fundamentally an objective one."[4] If a reasonable member of the public at large, aware of all the facts, would fairly entertain doubts concerning the judge's impartiality, disqualification is mandated. The existence of actual bias is not required. (*United Farm Workers of America* v. *Superior Court, supra,* 170 Cal.App.3d at p. 104.) Thus, it is immaterial that no claim has been made that Judge Flier harbors any actual bias or prejudice toward Mr. Perkins.

"While this objective standard clearly indicates that the decision on disqualification not be based on the judge's personal view of his own impartiality, it also suggests that the litigants' necessarily partisan views not provide the applicable frame of reference." (*United Farm Workers of America* v. *Superior Court, supra,* 170 Cal.App.3d at p. 104, fn. omitted.) The facts and circumstances prompting the challenge must be evaluated as of the time the motion is brought (*id.* at p. 105) and the evaluation of a challenge under section 170.1(a)(6)(C) must not isolate facts or comments out of context. (*People* v. *Brown, supra,* 6 Cal.4th at pp. 336-337; and see *United*

---

[3]The judge assigned to hear the matter of disqualification has the discretion to set a hearing for argument and presentation of evidence on disputed facts. (§ 170.3, subd. (c)(6).) No hearing was requested in this case.

[4]Mr. Perkins's right to exercise a peremptory challenge (§ 170.6), and thus challenge any judge based on a subjective belief or concern that he might not receive an impartial hearing, is not at issue in this case. Furthermore, if Mr. Abercrombie, Mr. Perkins, their attorneys or anyone else believes that Judge Flier's comment warrants discipline, they may file a complaint with the Commission on Judicial Performance. (Cal. Rules of Court, rule 904.)

*States* v. *Carmichael* (4th Cir. 1984) 726 F.2d 158, 160-161; *Wolfson* v. *Palmieri* (2d Cir. 1968) 396 F.2d 121, 125.) The challenge must be to the effect that the judge would not be able to be impartial toward a particular party. (*Ensher, Alexander & Barsoom* v. *Ensher* (1964) 225 Cal.App.2d 318, 322 [37 Cal.Rptr. 327].)

■ Relying on *Pool* v. *City of Oakland* (1986) 42 Cal.3d 1051, 1061 [232 Cal.Rptr. 528, 728 P.2d 1163], Mr. Perkins contends that the question whether "a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial" (§ 170.1(a)(6)(C)) is one of fact, decided adversely to Judge Flier by respondent superior court. But our Supreme Court in *People* v. *Brown, supra,* 6 Cal.4th at pages 336-337, has treated the ultimate conclusion as a question of law. In any case, even if we were to agree with Mr. Perkins's analysis, we are not bound by respondent's ruling. Where, as here, the underlying events are not in dispute, we may review the superior court's conclusion and determine as a matter of law that no one aware of the facts would reasonably doubt Judge Flier's impartiality toward Mr. Perkins. "[W]here the facts are undisputed, . . . the disqualification of the judge becomes a question of law rather than of fact." (*Evans* v. *Superior Court* (1930) 107 Cal.App. 372, 376 [290 P. 662]; see also, *People* v. *Brown, supra,* 6 Cal.4th at pp. 336-337; *Pool* v. *City of Oakland, supra,* 42 Cal.3d at p. 1061; *McCartney* v. *Superior Court* (1990) 223 Cal.App.3d 1334, 1340 [273 Cal.Rptr. 250]; *Leland Stanford Junior University* v. *Superior Court* (1985) 173 Cal.App.3d 403, 405, 407 [219 Cal.Rptr. 40].)

■ Respondent superior court's decision that Judge Flier is disqualified is based solely upon his use of the term "good boy" during the plea and sentencing proceedings in People v. Abercrombie. Whether Judge Flier's use of the words "good boy" in addressing an adult male of African-American descent was unseemly, rude, racially insensitive, or simply thoughtless, no objection or other comment was raised by Mr. Abercrombie or his counsel when these words were uttered, nor at any other time during that proceeding. The short exchange quoted in Mr. Perkins's challenge took place at the outset of the district attorney's voir dire of Mr. Abercrombie, when the latter failed to specifically respond to the question whether he waived his right to a trial by jury. Earlier in the proceeding, Judge Flier discussed Mr. Abercrombie's anticipated sentence with counsel and explained why he did not intend to grant the request for a commitment to the California Rehabilitation Center. Mr. Abercrombie elected to proceed with his change of plea. Throughout the voir dire, whenever Mr. Abercrombie gave ambiguous answers concerning his understanding of and waiver of his constitutional rights, Judge Flier promptly interrupted the district attorney to clarify the questions and responses. In addition, Judge Flier carefully questioned Mr.

Abercrombie directly about whether he was in agreement with the judge's intention to find that he knew his rights and that he voluntarily waived them. Finally, Judge Flier accepted Mr. Abercrombie's plea of guilty and sentenced him.

Thus, Mr. Abercrombie not only pleaded guilty before Judge Flier, his negotiated sentencing disposition was with the judge, and he submitted to sentencing before him. No challenge was made to that plea and sentence. In the context of the entire proceeding, the words "good boy" would not lead a person to reasonably entertain a doubt about Judge Flier's ability to be impartial toward Mr. Abercrombie because of race or for any other reason. (*People* v. *Brown, supra,* 6 Cal.4th at p. 330, fn. 3.)

The respondent superior court's disqualification order is necessarily premised on the conclusion that words spoken in Mr. Abercrombie's proceeding would cause a person to reasonably entertain a doubt about Judge Flier's impartiality toward any other male of African-American descent. Even if we were to conclude that the words "good boy" taken out of context from the People v. Abercrombie transcript could be construed to raise a doubt that Judge Flier would be able to be impartial in that case, to uphold the disqualification order in Mr. Perkins's case two months later, would result in Judge Flier's inability to ever sit on a case involving a party of African-American descent. On far more egregious facts, applying the corresponding federal statute (28 U.S.C. § 455(a)), the Fifth Circuit Court of Appeals rejected a similar result following a civil litigant's challenge for cause to a trial judge. "Here, most of Phillips's allegations concern Judge Cox's rulings or comments on the merits in previous cases. Some of them are misleadingly quoted out of context. At times, especially in some of the older instances, his remarks reflected racial reactions not only outmoded but improper. These remarks were unseemly, and we do not condone them. Nevertheless, they are not enough to require recusal. The comments alleged are not gratuitous insults and do not show overt hostility or the like; . . . We would be reluctant, in any but an extreme case, to base a disqualification order on such allegations. . . .

"Phillips's affidavit . . . could be repeated, word for word, by literally any black civil rights plaintiff from now until Judge Cox's retirement. With only minor modifications, it could be used by any black party—a black criminal defendant, say. This is a type of recusal for whole classes of cases, without the constitutional safeguards that protect a judge from removal from office save by impeachment. The Constitution does not contemplate that we dispense with a judge's service on such a grand scale on any but the most compelling showing." (*Phillips* v. *Joint Legislative Com., etc.* (5th Cir. 1981) 637 F.2d, 1014, 1020-1021.)

CONCLUSION

We conclude that on this record no person aware of all the facts would reasonably entertain a doubt that Judge Flier would be able to be impartial in People v. Perkins. We therefore grant the People's petition and issue a peremptory writ of mandate commanding respondent County of Contra Costa Superior Court to set aside its "Decision re Challenge for Cause" filed January 25, 1994, in People v. Perkins (No. 934086-0) and to enter a new and different order denying that challenge.

Having previously consolidated the People's petition with one filed by Judge Flier, we order Judge Flier's petition dismissed as moot.

The stays of Mr. Perkins's trial and of the disqualification order previously imposed herein (*People* v. *Hull*, *supra*, 1 Cal.4th at p. 275) shall remain in effect until the finality of this opinion as to this court. (Cal. Rules of Court, rule 24(a).)

Newsom, Acting P. J., and Dossee, J., concurred.

A petition for a rehearing was denied April 8, 1994.