Filed 11/18/14  Griffin v. Berlin CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANTOIAN GRIFFIN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ALEX BERLIN,<br><br>    Defendant and Respondent. | F068780<br><br>(Super. Ct. No. 12CECG01065)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Antoian Griffin, in pro. per., for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth, Marshall C. Whitney and Gary A. Hunt for Defendant and Respondent.

-ooOoo-

Appellant Antoian Griffin, retained respondent Alex Berlin, to represent him before the Workers' Compensation Appeals Board.  Appellant claimed he was entitled to

workers' compensation benefits for a low back injury sustained during a one day job. However, based on appellant's testimony and medical records, the Administrative Law Judge (ALJ) determined that appellant did not sustain an industrial injury.

Appellant then filed the underlying action for damages alleging that respondent committed legal malpractice and breached his fiduciary duty. Appellant claimed that respondent did not submit all of the necessary evidence to the ALJ and permitted defense evidence to be admitted without objection. On respondent's motion, the trial court granted summary judgment in his favor.

Appellant contends respondent did not meet his burden of proof to show summary judgment was proper. However, appellant has failed to meet his burden to demonstrate reversible error on appeal. Accordingly, the judgment will be affirmed.

## BACKGROUND

Appellant was hired as a temporary employee and worked one day, December 7, 2009. Although appellant claimed that he experienced severe low back pain the next day, he did not seek treatment until December 11, 2009. Appellant notified the employer of the alleged industrial injury on December 15, 2009. Thereafter, appellant retained respondent to represent him in pursuing a claim for workers' compensation benefits.

John Branscum, M.D., examined appellant and prepared a qualified medical evaluation. Dr. Branscum reviewed appellant's medical records pertaining to this particular injury. Appellant described the event, his current symptoms, and past medical history during the examination. Dr. Branscum noted that appellant denied having any prior symptoms, injuries or disability to his low back; having any prior work-related injuries; or being the recipient of any prior industrial or nonindustrial awards or settlements. Based on his examination and the information provided to him, Dr. Branscum concluded that appellant "strained his back on December 7, 2009 and therefore, the injury is AOE/COE," i.e., the injury arose out of appellant's employment.

2.

Appellant began receiving treatment for a back injury through the Pain Relief Health Center. Appellant's treating physician placed him on total temporary disability with a diagnosis of lumbar spine disc bulge and lower back pain.

A mandatory settlement conference was held in the workers' compensation matter on May 2, 2011, at which time discovery was closed. At that conference, respondent, through his associate Christopher White, submitted the qualified medical evaluation from Dr. Branscum and the two most recent records from appellant's treating physician as evidence.

The attorneys defending the case for appellant's former employer presented evidence of earlier back injuries that appellant had not disclosed to either respondent or Dr. Branscum. The medical records submitted by the defense revealed that: appellant suffered a work-related back injury in 1985 and received workers' compensation benefits; appellant sought treatment for chronic back pain in 1990; appellant received care for pain in the lumbar area in 2001; and appellant underwent an evaluation for persistent back pain, "felt to be of musculoskeletal origin," in 2006.

After receiving the above evidence, respondent initiated settlement negotiations in the workers' compensation matter. The defense offered $13,000 to settle. Respondent conveyed this offer to appellant multiple times and recommended that appellant accept it. Appellant refused this offer. Appellant denied the existence of the medical records and told respondent that he never had an earlier back injury.

The workers' compensation trial took place on July 14, 2011, before an ALJ. The exhibits submitted on behalf of appellant were Dr. Branscum's qualified medical evaluation, and two reports from appellant's treating physician. Two later reports from appellant's treating physician were included for identification only because they postdated the close of discovery. Appellant testified on his own behalf.

Appellant dismissed respondent as his attorney before the workers' compensation matter was ruled on.

The ALJ found that appellant did not meet his burden to establish, by a preponderance of the evidence, that he sustained an industrial injury to his back on December 7, 2009. The ALJ questioned appellant's credibility noting that he changed his testimony several times during trial and gave a false and contradictory medical history to Dr. Branscum. The ALJ further observed that, despite appellant's denials, it was clear from the medical records that appellant sustained a substantial industrial back injury in 1985 that kept him off work until 1988.

Appellant then filed the underlying action alleging that respondent committed legal malpractice and breached his fiduciary duty. Appellant claimed that respondent fell below the standard of care because he did not submit all of the necessary evidence and allowed the defense to submit evidence without objection.

On respondent's motion, the trial court granted summary judgment in respondent's favor. The court concluded respondent met his burden of showing there was no evidence that either respondent or his associate fell below the standard of care or breached any fiduciary duty in representing appellant. The court further found that appellant did not meet his burden to show the existence of a triable issue of material fact as he did not present any admissible evidence in opposition to the motion.

## DISCUSSION

### 1. *Standard of review.*

A defendant moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact. If the defendant carries this burden of production, the burden of production shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) However, the plaintiff opposing the summary judgment motion may not rely on his or her pleadings alone, but must file opposition to the motion, with affidavits setting forth specific facts demonstrating that a triable issue of material fact exists. (*Sangster v. Paetkau* (1998) 68

Cal.App.4th 151, 162.) In order to avert summary judgment, the plaintiff must produce substantial responsive evidence sufficient to establish a triable issue of material fact on the merits of the defendant's showing. (*Id*. at pp. 162-163.) Evidence that gives rise to no more than speculation is insufficient to establish a triable issue of material fact. (*Id*. at p. 163.)

When summary judgment is challenged on appeal, the trial court's ruling is reviewed de novo. (*American Internat. Specialty Lines Ins. Co. v. Continental Casualty Ins. Co.* (2006) 142 Cal.App.4th 1342, 1357.) While strictly construing the defendant's supporting documents and liberally construing the plaintiff's documents, the appellate court determines whether the defendant has negated an essential element of the plaintiff's cause of action or established the nonexistence of any triable issue of material fact, such that the defendant is entitled to judgment as a matter of law. (*Baroco West, Inc. v. Scottsdale Ins. Co.* (2003) 110 Cal.App.4th 96, 99-100.) The defendant need only negate one essential element of plaintiff's case, notwithstanding factual conflicts on other aspects of the case. (*Scott v. Chevron U.S.A.* (1992) 5 Cal.App.4th 510, 514-515.)

### 2. *The trial court properly granted summary judgment.*

To prevail on a claim for legal malpractice, a plaintiff must plead and prove "(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199.) The plaintiff "must show that *but for* the alleged malpractice, it is more likely than not that the plaintiff would have obtained a more favorable result." (*Viner v. Sweet* (2003) 30 Cal.4th 1232, 1244.)

Appellant based his legal malpractice claim on two alleged errors committed by respondent. According to appellant, respondent did not present certain evidence as requested by appellant, specifically a June 3, 2011, letter from Dr. Justin Paquette stating

that appellant's injury was attributable to the December 7, 2009 injury and the two most recent reports from appellant's treating physician. Appellant further argues that respondent erred by failing to object to the admission of appellant's medical records that predated the accident.

In support of his summary judgment motion, respondent submitted the expert declaration of Thomas Tusan, an experienced workers' compensation attorney. Tusan opined that neither respondent nor his associate fell below the standard of care for providing legal services to applicants before the Workers' Compensation Appeals Board. Specifically, Tusan noted that the letter from Dr. Paquette was duplicative of the report from Dr. Branscum and contained the same inherent flaw in that it was also based on appellant's self report that he did not have any prior injuries. According to Tusan, the remaining documents were duplicative and were created after discovery was closed. Tusan further explained that there were no grounds for objection to the admission of appellant's earlier medical records.

Tusan's declaration demonstrated that respondent's representation did not fall below the standard of care and thus negated appellant's legal malpractice claim. In opposing the motion, appellant failed to submit any admissible evidence and thus did not establish the existence of a triable issue of material fact. Accordingly, the trial court properly granted summary judgment.

Appellant additionally asserts respondent breached his fiduciary duty because he failed to inform appellant of settlement offers. However, both respondent and his associate, Christopher White, declared that they conveyed the $13,000 settlement offer to appellant multiple times and that appellant refused to accept it. Appellant failed to submit any contrary evidence. In fact, in his complaint, appellant alleged that he refused to accept the settlement offer because he felt it was unreasonable. By pleading that he refused the settlement offer before trial, appellant admitted that the offer was conveyed to

6.

him.  Therefore, summary judgment was properly granted on appellant's breach of fiduciary duty claim.

Finally, for the first time, appellant challenges the impartiality of the superior court judge, Jeffrey Y. Hamilton.  According to appellant, after the summary judgment decision was made, he discovered that Hamilton was formerly a "partner" with the law firm representing respondent.  As an exhibit to his opening brief, appellant attached a page from judgepedia.org showing that Hamilton was an associate with the law firm from 1993 to 1995.

Hamilton's association with the law firm representing respondent is not in itself a ground for disqualification.  A judge will be disqualified if he or she served as a lawyer in the proceeding.  Further, a judge will be deemed to have served as a lawyer in the proceeding if a lawyer in the proceeding was associated in the private practice of law with the judge.  However, this association must have been within the past two years. (Code Civ. Proc., § 170.1, subd. (a)(2).)  Here, by the time Hamilton heard this case, it had been approximately 18 years since he had been associated with the law firm.

A judge may also be disqualified based on an appearance of partiality.  However, this standard is an objective one.  (*Flier v. Superior Court* (1994) 23 Cal.App.4th 165, 170.)  Disqualification is required if "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial."  (Code Civ. Proc., § 170.1, subd. (a)(6)(A)(iii).)  Actual bias is not required.  (*Flier v. Superior Court, supra,* 23 Cal.App.4th at p. 170.)  Here, appellant has not demonstrated such a ground for disqualification.  No reasonable person would entertain a doubt about the judge's impartiality based on a relatively short term association with the law firm 18 years earlier.

Moreover, a party must raise the issue "at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification."  (Code Civ. Proc.,

§ 170.3, subd. (c)(1).)  Accordingly, in general, the matter cannot be raised for the first time on appeal.  (*In re Steven O.* (1991) 229 Cal.App.3d 46, 54.)

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondent.

_____

LEVY, Acting P.J.

WE CONCUR:


_____

CORNELL, J.


_____

KANE, J.