[No. G025005. Fourth Dist., Div. Three. Apr. 16, 1999.]

BRIAN GWARTZ et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
LEON RICHMAN et al., Real Parties in Interest.

**COUNSEL**

Megan L. Wagner for Petitioners.

No appearance for Respondent.

Stevens & Kramer, Carl R. Stevens and Andrea F. Parke for Real Parties in Interest.

**OPINION**

**SILLS, P. J.—** ██ Sometime ago, a handful of judges on the local superior court bench began deciding summary judgment motions without, according the parties, the benefit of oral argument. The decision to rule from behind closed doors apparently was based on some loose dicta in *Sweat* v. *Hollister* (1995) 37 Cal.App.4th 603 [43 Cal.Rptr.2d 399] (disapproved on another point in *Santisas* v. *Goodin* (1998) 17 Cal.4th 599, 609, fn. 5 [71 Cal.Rptr.2d 830, 951 P.2d 399]) to the effect that law and motion courts may decide motions without hearing oral argument.

In *Mediterranean Construction Co.* v. *State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257 [77 Cal.Rptr.2d 781], this court took a long, hard look at the language of Code of Civil Procedure section 437c, and came to the inescapable conclusion that, as now drafted, it requires oral argument on summary judgment motions. This court held that while trial judges "retain extensive discretion regarding how the hearing is to be conducted, including imposing time limits and adopting tentative ruling procedures," they may not refuse to hear oral argument. (66 Cal.App.4th at p. 265.)

We thought—incorrectly, as it turned out—that the trial courts would simply follow our opinion even if they disagreed with it. Stare decisis and all that stuff. (See *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937] ["Decisions of every division of the District Courts of Appeal are binding upon . . . all the superior courts of this state"]; cf. Cal. Code Jud. Conduct, canon 3B.) But sometimes it seems

as though we have to remind the lower court there is a judicial pecking order when it comes to the interpretation of statutes.[1]

Here, defendants filed a motion for summary adjudication of issues in a civil action concerning a boundary line dispute. The trial court did not hear oral argument but simply denied the motion. It may well be after hearing oral argument that the trial court will again deny it. But the possible correctness of the court's ruling is not a proper basis on which to ignore the fact that the court was required by Code of Civil Procedure section 437c to hear oral argument and it did not. (*Mediterranean Construction Co.* v. *State Farm Fire & Casualty Co.*, *supra*, 66 Cal.App.4th at p. 265.)

Defendants petitioned this court for a peremptory writ of mandate and plaintiffs were given the opportunity to file opposition. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue commanding the superior court to vacate its order filed March 11, 1999, denying defendants' motion for summary adjudication of issues and to hear and decide the motion in accordance with the provisions of Code of Civil Procedure section 437c and this court's opinion in *Mediterranean*. In the interests of justice, each party shall bear its own costs in this proceeding.

Crosby, J., and Rylaarsdam, J., concurred.

---

[1] The Supreme Court has acknowledged our disagreement with *Sweat*, but has not considered the validity of either decision. (*Lewis* v. *Superior Court* (1999) 19 Cal.4th 1232, 1248, fn. 10 [82 Cal.Rptr.2d 85, 970 P.2d 872].) The trial court should reflect, however, that our holding in *Mediterranean* is clear while the language in *Sweat* is dictum.