[No. G029042. Fourth Dist., Div. Three. Mar. 27, 2002.]

MEDIX AMBULANCE SERVICE, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
LORETTA COLLADO, Real Party in Interest.

## COUNSEL

The Law Offices of Michael Leight, Michael Leight and John Gloger for Petitioners.

No appearance for Respondent.

The Barritt Law Firm and Douglas A. Barritt for Real Party in Interest.

## OPINION

**RYLAARSDAM, Acting P. J.**—We realize that the demands made on busy trial judges approach, if they do not already exceed, the unrealistic. This is

particularly true in counties such as Orange County where all civil cases are immediately assigned to direct calendar courts. Judges with heavy case loads are expected to preside over trials, hear law and motion, rule on ex parte applications, conduct settlement and status conferences, and perform additional administrative duties. All this under the requirements of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.) and the Standards of Judicial Administration (Cal. Stds. Jud. Admin., § 2.3) which include a directive that 90 percent of all civil cases be "disposed of within 12 months after filing . . . ." (Cal. Stds. Jud. Admin., § 2.3(b).)

It is thus no surprise that, in their need for efficiency, trial judges have adopted procedures to streamline litigation. Most of these procedures have beneficial effects, causing disputes to be resolved more quickly and more efficiently without sacrificing the ultimate goal of the judicial process: the delivery of just results. But, in adopting these new, efficient procedures, judges must remember another, equally important goal: preserving a process that not only is just, but also appears to be just. In spite of the need for efficiency, courts should not lose sight of the need that parties be given their "day in court."

The concept of parties being given their day in court has real as well as symbolic meanings. It is much preferred that parties, or more likely their lawyers, be given an opportunity to address the court in person so as to assure themselves that the facts and ideas sought to be communicated have, in fact, been communicated. In this case the parties were not given such an assurance; the ruling on their demurrer was delivered to them very cryptically on the Internet the day before they expected to appear in court. The Internet is a useful tool and serves many purposes; but it is no substitute for judge and lawyer being able to interact in person.

*Medix Ambulance Service, Inc.* (Medix), Michael Dimas, Joanna Dimas, and Eric Saline filed their petition for writ of mandate after the superior court overruled their demurrer to the complaint filed by Loretta Collado without hearing oral argument. We issued an order to show cause, invited further briefing, and heard oral argument. We now grant the petition because the trial court erred in overruling the demurrer. We publish our opinion primarily in an attempt to delineate circumstances which require the court to hear oral argument.

## Factual and Procedural Background

Plaintiff's complaint includes four causes of action, all related to charges of sexual harassment at her place of employment: (1) sexual harassment in

violation of the California Fair Employment and Housing Act (FEHA, Gov. Code, § 12900 et seq.); (2) sexual harassment in violation of public policy; (3) unlawful retaliation; and (4) intentional infliction of emotional distress.

All four causes of action name Medix, plaintiff's employer, as well as the Dimases and Saline. Plaintiff alleges that Saline and the Dimases were her supervisors. She also asserts that the Dimases are shareholders of Medix which, she alleges, is their alter ego. The complaint alleges plaintiff filed administrative charges under FEHA against Medix and other defendants, but fails to allege plaintiff filed such charges against the Dimases. Petitioners demurred, raising a number of issues. We limit our review to the contention plaintiff failed to exhaust administrative remedies.

In support of their demurrer, petitioners asked the court to take judicial notice of the complaint plaintiff filed with the Department of Fair Employment and Housing (the Department) and attached a copy of the document. The administrative complaint named "Medix Ambulance Service" as the party alleged to have harassed plaintiff. Plaintiff identified petitioner Saline in the body of the complaint as one of the persons whom plaintiff alleges engaged in the harassment. Plaintiff neither named the Dimases in the part of the complaint form asking for the identity of the "employer, person, . . . who discriminated against me," nor did she mention them in the body of the complaint form.

In opposition to the demurrer, plaintiff gave short shrift to her failure to file an administrative claim against the Dimases. Without citing relevant authority, she argued that the complaint's alter ego allegations cured the defect and, citing *Rojo v. Kliger* (1990) 52 Cal.3d 65 [276 Cal.Rptr. 130, 801 P.2d 373], of which more anon, argued that she was entitled to assert nonstatutory claims without having to first file a FEHA claim.

Petitioners noticed the demurrer to be heard on April 24. On April 23, the court posted a notice on the Internet. Under the heading "Law and Motion Rulings and Tentative Rulings, Dept. C20, Judge Michael Brenner," appeared the entry (to the extent relevant here): "Demurrer overruled. . . . Plaintiff has sufficiently alleged the alter ego allegations against Defendants Dimas." Later that day, when petitioners' lawyer telephoned Judge Brenner's courtroom clerk inquiring about oral argument, the clerk told her there would be no hearing, the ruling was final.

## DISCUSSION

*The Court Erred in Refusing to Hear Oral Argument*

Where a statute provides for a "hearing," it does not necessarily demand the parties be given an opportunity to orally argue the case. As our

Supreme Court recently noted, the terms "hear" and "hearing" "when used in a legal sense . . . do not necessarily encompass oral presentations." (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1247 [82 Cal.Rptr.2d 85, 970 P.2d 872].) A statute referring to a " 'hearing' does not require an opportunity for an oral presentation, unless the context or other language indicates a contrary intent." (*Id.* at p. 1247.) In *Gwartz v. Superior Court* (1999) 71 Cal.App.4th 480, 482 [83 Cal.Rptr.2d 865] and in *Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257, 262-264 [77 Cal.Rptr.2d 781], this court concluded that the context of the statute governing summary judgment motions required an oral hearing. Parties are also entitled to oral argument in "critical pretrial matters" where there is a "real and genuine dispute." (*Titmas v. Superior Court* (2001) 87 Cal.App.4th 738, 742 [104 Cal.Rptr.2d 803] [whether the attorney-client privilege applied]; see also *TJX Companies, Inc. v. Superior Court* (2001) 87 Cal.App.4th 747, 751 [104 Cal.Rptr.2d 810] [whether suit should proceed as a class action]). We analyze the procedures employed here under those criteria.

█ First the statutory context. We found six statutes bearing on the meaning of "hearings" in connection with demurrers. Code of Civil Procedure section 595 provides that the "hearing" on motions or demurrers shall be postponed where a party or attorney is a member of the Legislature. (All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.) Section 595.2 requires the court to postpone the hearing on a demurrer if all attorneys of record stipulate to such a continuance. Section 1006.5, subdivision (a) requires the Judicial Council to "adopt a standard of judicial administration governing the appearance of counsel by telephone at any hearing of a demurrer, an order to show cause, or a motion . . . ." All of these references contemplate the physical presence of the lawyers in the courtroom unless arrangements have been made for telephonic appearances.

Section 472 provides that "[a]ny pleading may be amended once . . . before the *trial* of the issue of law thereon." (Italics added.) The use of the word "trial" would seem to involve something more than a one-way message on the Internet. Section 166, subdivision (a) (3) provides that "uncontested . . . demurrers" may be decided in chambers. The implication is that contested demurrers are to be decided in open court. Furthermore, section 472a, subdivision (c) provides that the court may grant leave to amend when sustaining a demurrer. From a practical standpoint, counsel generally would only make a request for such leave after the court sustains the demurrer. Parties opposing a demurrer would rarely weaken their opposition by demonstrating how the pleading may be amended. It has been our experience that

such a request is normally made at a hearing in open court and after the court indicates it will sustain the demurrer.

When we apply the next criterion, "critical pretrial matters" involving a "real and genuine dispute," the balance clearly favors a hearing in open court. We doubt we have to persuade either the court or the litigants herein of the critical nature of the demurrer stage of the proceeding. If, as we will conclude in our discussion below, the demurrer should have been sustained, its being overruled results in defendants having to engage and participate in discovery and the expense of an eventual motion for summary judgment. Likewise, plaintiff would incur substantial expenses for these activities in an action which would ultimately fail. In modern litigation, unfortunately, a great deal more effort, time, and money is expended in discovery and law and motion activities than in the actual trial. On the other hand, had the demurrer been unjustifiably sustained, plaintiff would have been compelled either to pursue a lengthy and costly appeal process or to abandon a meritorious lawsuit. Clearly a ruling on a demurrer involves a "critical pretrial matter," and the dispute between the parties on the issues raised are undoubtedly "real and genuine."

Under either a "statutory construction" or a "critical pretrial matter" standard, we conclude that the court erred in denying the parties an opportunity to argue the matter in open court. This conclusion is further supported by recently adopted California Rules of Court, rule 324. The rule sets out a process for judges who issue tentative rulings by telephone. It requires each court to adopt a local rule specifying whether, after the tentative ruling is made available to the parties, notice to other parties and the court is required before oral argument may proceed. The rule explicitly provides for oral argument in all cases where a tentative decision is made available by telephone.

*Plaintiff Failed to Exhaust Her Administrative Remedies for the Statutory Claims*

■ Government Code section 12960 provides in part, "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint in writing that shall state *the name and address of the person, employer, labor organization, or employment agency* alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof and contain other information as may be required by the department." (Italics added.) When the Department has determined that no investigation shall be undertaken, or that it will not issue

an accusation against the alleged violator, it "shall promptly notify, in writing, the person claiming to be aggrieved that the department shall issue, on his or her request, the right-to-sue notice. This notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization, or employment agency *named* in the verified complaint within one year from the date of that notice." (Gov. Code, § 12965, subd. (b), italics added.)

"Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the [Department] and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA. [Citations.] The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA. [Citations.]" (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 492 [59 Cal.Rptr.2d 20, 926 P.2d 1114].)

Four cases have previously dealt with the right to sue a party who was not expressly named in the FEHA complaint: *Valdez v. City of Los Angeles* (1991) 231 Cal.App.3d 1043 [282 Cal.Rptr. 726] (*Valdez*); *Martin v. Fisher* (1992) 11 Cal.App.4th 118 [13 Cal.Rptr.2d 922] (*Martin*); *Saavedra v. Orange County Transportation etc. Agency* (1992) 11 Cal.App.4th 824 [14 Cal.Rptr.2d 282] (*Saavedra*); and *Cole v. Antelope Valley Union High School Dist.* (1996) 47 Cal.App.4th 1505 [55 Cal.Rptr.2d 443] (*Cole*). None of these cases held that a harassment case may proceed against one not mentioned in the administrative complaint. Nor is there any authority for plaintiff's unsupported argument that the doctrine of alter ego somehow obviates compliance with the statutory requirements.

In *Valdez,* a former officer with the Los Angeles Police Department (LAPD) filed an administrative complaint against the City of Los Angeles, alleging racial discrimination in promotion. When he received a right-to-sue letter, he filed suit against the city, the LAPD, then Chief Daryl Gates, and other members of LAPD management. In a case of first impression, a divided panel of the Second District held that failure to list the individual defendants in the administrative complaint precluded the civil action. In a dissent, Justice Johnson expressed the opinion that, because of a purported ambiguity in the form issued by the department, it was unnecessary for plaintiff to have named the individuals involved in the discriminatory acts. (*Valdez, supra,* 231 Cal.App.3d at pp. 1062-1063 (conc. & dis. opn. of Johnson, J.).) The ambiguity Justice Johnson found in the form was that it asked the complainant to name the "EMPLOYER, LABOR ORGANIZATION,

EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME" and, according to the dissent, laypersons would not know they had to list the individuals involved in the discrimination as well as the entity which employed them. (*Ibid.*)

In *Martin,* another division of the Second District faced a slightly different scenario: the plaintiff there had not listed an individual defendant as the charged party in her administrative complaint, but had identified that the defendant in the body of the complaint. The court distinguished *Valdez.* "The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against the employer, and not to limit access to the courts. A strict rule would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding. If they are described in the charge as the perpetrators of the harm, they can certainly anticipate they will be named as parties in any ensuing lawsuit." (*Martin, supra,* 11 Cal.App.4th at p. 122.) Therefore, the court concluded the plaintiff had satisfied her duty to exhaust her administrative remedies.

In *Saavedra,* this court faced a situation similar to *Martin.* There, the plaintiff filed an administrative complaint which charged her employer with discrimination and named an individual in the body of the complaint. This court agreed with *Martin* that the individual defendant, having been named in the body of the administrative complaint, received proper notice. (*Saavedra, supra,* 11 Cal.App.4th at p. 827.) By way of dictum, the opinion expressed agreement with the dissent in *Valdez,* stating that, because of the same purported ambiguities in the administrative complaint form upon which Justice Johnson relied, individuals may be sued whether or not they are named in that complaint. (*Id.* at pp. 827-828.)

In *Cole,* as in *Martin* and *Saavedra,* the plaintiff named a defendant in the body of the administrative complaint. "Consistent with *Valdez, Martin,* and *Saavedra,* we conclude plaintiff's lawsuit is viable as against [defendant] because he was named in the body of the administrative charge as a person who discriminated against plaintiff." (*Cole, supra,* 47 Cal.App.4th at p. 1511.) As to the other defendants not named in the administrative complaint, the *Cole* court followed the majority opinion in *Valdez.*

Examining the administrative complaint form in this case, we note that it was amended after the cited decisions. The word "PERSON" has been inserted after "EMPLOYER" in the section seeking the identity of the alleged discriminator. In addition, the form has a place for individual discriminators to be

identified: In a section entitled "THE PARTICULARS ARE," the complainant checks from a list of potentially prohibited acts; immediately below this list is the word "by" followed by a line upon which the complainant can enter the name or names of the persons alleged to be guilty of the discrimination. Plaintiff entered the name of petitioner Saline in this place. The changes made in the form after the dissent in *Valdez* and the dictum in *Saavedra* remove the rationale for the dissent and the dictum, and we decline to follow the analysis therein.

As noted, plaintiff identified petitioner Medix as the employer and Saline as the person committing the discriminatory acts. As to them, the court properly overruled the demurrer based on a failure to properly identify them in the FEHA complaint. We express no opinion whether other bases asserted by them required the demurrer be sustained. We reach a different result with respect to the Dimases. Plaintiff neither listed them in the administrative charge as an "employer" or "person" against whom the claim was made, nor did she name them in the body of the complaint form as the alleged perpetrators. Therefore the court should have sustained their demurrer to the sexual harassment causes of action.

*There Is No Common Law Cause of Action for Sexual Harassment*

█ The complaint alleges: "The State of California has a fundamental public policy forbidding sexual harassment of any kind, including hostile work environment harassment and direct harassment. That public policy is reflected in the California Fair Employment and Housing Act (Government Code §§ 12940, *et seq.* [*sic*]) and the California Constitution (article I, section 8)." Plaintiff argues that these allegations constitute a cause of action for sexual harassment in violation of public policy which she characterizes as a "common law cause of action" and concludes that the requirement to exhaust administrative remedies thus does not apply.

True, the Legislature has declared a state policy against sexual harassment, and this policy is enshrined in the FEHA. *Rojo v. Kliger, supra,* 52 Cal.3d 65, 90-91, concluded that article I, section 8 of the California Constitution embodies a general public policy against sex discrimination, including sexual harassment, and that there is no requirement a plaintiff exhaust administrative remedies before bringing an action for wrongful discharge based on sex discrimination. But plaintiff cites no authority supporting a common law cause of action for sexual harassment. Because the cause of action for sexual harassment is a creature of statute, plaintiff must comply with the exhaustion requirements. (*Rojo.,* at p. 83.)

Nonetheless, a plaintiff may have a valid claim for specific tortuous *conduct* arising from sexual harassment such as battery, assault, or wrongful discharge, and need not exhaust administrative remedies before bringing such causes of action. (*Rojo v. Kliger, supra,* 52 Cal.3d at pp. 81, 88.) Therefore, plaintiff's fourth cause of action, which purports to allege intentional infliction of emotional distress, is not demurrable for failure to exhaust administrative remedies. We express no opinion whether this purported cause of action satisfies other pleading requirements. (See *Michaelian v. State Comp. Ins. Fund* (1996) 50 Cal.App.4th 1093, 1113-1114 [58 Cal.Rptr.2d 133].)

## DISPOSITION

The petition is granted. Let a writ of mandate issue compelling the superior court to vacate its order overruling petitioners' demurrers and conduct oral argument before ruling on the demurrers in accordance with the views expressed herein. Our order to stay the proceedings is discharged. Because this is an interim proceeding, we are not awarding costs at this time. In fixing costs to be awarded to the ultimately successful party, the trial court shall consider the costs incurred by the Dimas petitioners in connection with the proceedings here.

O'Leary, J., and Moore, J., concurred.