[No. D042907. Fourth Dist., Div. One. Jan. 13, 2004.]

DUANE A. BRANNON et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
DARIO EDWARD CRIPPEN, Real Party in Interest.

1204

**COUNSEL**

Clements & Knock and Rick H. Knock for Petitioners.

No appearance for Respondent.

Greco Traficante & Edwards and Philip M. McKenney for Real Party in Interest.

**OPINION**

**HALLER, J.—** ██ In this writ proceeding, we conclude the superior court erred in refusing to provide the parties an opportunity to appear and present argument at an oral hearing before the court ruled on the defendants' summary judgment motion. We disapprove of dicta in our prior decision suggesting a superior court may properly determine a summary judgment motion without permitting the opportunity for oral argument. (*Sweat v. Hollister* (1995) 37 Cal.App.4th 603 [43 Cal.Rptr.2d 399] (*Sweat*), disapproved on other grounds in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 609, fn. 5 [71 Cal.Rptr.2d 830, 951 P.2d 399].)

## FACTUAL BACKGROUND

Dario Crippen sued two brothers, Duane and Wayne Brannon, and entities owned by them (collectively the Brannons), seeking to recover for personal injuries caused by a well-drilling rig. Crippen alleged the Brannons were liable on various grounds including that they violated applicable safety statutes and made misrepresentations regarding the quality of the rig equipment. Crippen also alleged that the Brannons were responsible for his injuries because they were his employers and/or they owned the drilling rig.

The Brannons moved for summary judgment and/or summary adjudication, arguing the undisputed facts showed they had no legal duty to Crippen

because they made no misrepresentations, Crippen was an independent contractor, and they did not own the drilling rig. Crippen opposed the motion and each party objected to the opposing party's evidence. After considering the parties' written submissions, the court issued a written "telephonic" order denying the summary judgment motion. In the order, the court identified evidence that it found raised triable issues of fact on Crippen's employment status and the rig ownership issues. The order concluded: "No oral argument will be entertained."

The Brannons challenged the court's order by filing a writ petition in this court. In the petition, the Brannons asserted numerous substantive challenges to the summary judgment order and contended the court erred in refusing to permit them to appear at an oral hearing to argue the merits of their case. Because we conclude the trial court erred in refusing to entertain oral argument, we grant the writ petition and order the court to schedule an oral argument on the Brannons' summary judgment motion. We emphasize, however, that we have not considered the Brannons' substantive contentions and therefore we do not intend to suggest a view on the merits of the summary judgment motion. We further do not reach the Brannons' contention that the court's reliance on *Biljac Associates v. First Interstate Bank* (1990) 218 Cal.App.3d 1410 [267 Cal.Rptr. 819] in ruling on the parties' evidentiary objections was improper.

## DISCUSSION

### I. *Existing Legal Authority*

In *Sweat, supra,* 37 Cal.App.4th 603, this court first considered the issue of a party's right to an oral hearing in a summary judgment proceeding. The legal issue presented in that case was whether the prevailing defendants were entitled to attorney fees after the plaintiffs attempted to dismiss their case during summary judgment proceedings. (*Id.* at pp. 611–612.) The resolution of this issue depended on whether the trial court's "telephonic" summary judgment ruling was final when the plaintiffs filed their dismissal. (*Id.* at p. 612.) In initially considering this finality question, we rejected the argument that the fact the trial court did not hold an oral hearing despite a request for oral argument meant the court's ruling could not be final. (*Id.* at pp. 612–614.) Although we noted that the summary judgment statute and other applicable code sections referred to a "hearing," we stated "it appears to be settled law that the court may determine a motion, including presumably a summary judgment motion, without permitting oral argument . . . . [Citations.] [T]he length and unanimity of this seasoned line of cases, stretching from 1930 to 1972, convince us of the proposition: a court may decide a motion without hearing oral argument." (*Id.* at pp. 613–614.) But this was not the

basis for our ultimate holding. We instead concluded that the plaintiffs' attempted voluntary dismissal was not effective because the court in fact intended its telephonic summary judgment ruling "to be determinative and not tentative."[1] (*Id.* at p. 614.)

Three years later, a different division of the Fourth District held that a party has the right to appear and argue a summary judgment motion at an oral hearing. (*Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257, 262–266 [77 Cal.Rptr.2d 781] (*Mediterranean*).) The *Mediterranean* court relied primarily on references to a "hearing" and "heard" in the summary judgment statute (Code Civ. Proc., § 437c) and in the California Rules of Court governing motions in general (see, e.g., Cal. Rules of Court, rules 321, 324.5, 323).[2] (*Mediterranean, supra,* 66 Cal.App.4th at pp. 262–264.) The court also discussed the policy reasons generally favoring oral argument, including providing "litigants their only opportunity . . . to respond to the court's inquiries through the give-and-take of questioning . . ." and "enhanc[ing] the public visibility and accountability of the judicial process." (*Id.* at p. 264.) In reaching its conclusions, the *Mediterranean* court disagreed with the dicta in this court's *Sweat* decision, pointing out that the cases relied upon by the court did not involve summary judgment proceedings and the court failed to specifically analyze statutory requirements for "hearings" in sections 437c, 1005, and 1005.5. (*Mediterranean, supra,* at pp. 265–266; see also *Gwartz v. Superior Court* (1999) 71 Cal.App.4th 480, 482 [83 Cal.Rptr.2d 865].)

One year later, the California Supreme Court held the statutes governing writs of mandate and prohibition (§§ 1088, 1094) do not require an appellate court to provide an opportunity for oral argument before issuing a peremptory writ. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1239–1253 [82 Cal.Rptr.2d 85, 970 P.2d 872].) The court explained that the issue whether a party has a right to oral argument on a statutory motion depends initially on whether the Legislature intended to provide a litigant with this right. (*Id.* at p. 1244.) In conducting its statutory analysis, the *Lewis* court rejected the argument that the words "hearing" and "heard" in sections 1088 and 1094 necessarily refer to an "oral" hearing. (*Lewis, supra,* at pp. 1246–1248.) The high court reasoned that although the usual and ordinary meaning of the word "hearing" commonly includes an "auditory component," the term "do[es] not necessarily encompass oral presentations" when it is "used in a legal sense . . . ." (*Id.* at p. 1247.) Quoting from Black's Law Dictionary, the court said the

---

[1] The rules governing the finality of tentative decisions are now codified in the California Rules of Court and the San Diego Superior Court local rules, as discussed later in this opinion.

[2] All further statutory references are to the Code of Civil Procedure. All further rule references are to the California Rules of Court unless otherwise specified.

word "hearing" is " 'frequently used in a broader and more popular significance to describe whatever takes place before magistrates clothed with judicial functions and sitting without [a] jury at any stage of the proceedings subsequent to its inception.' " (*Lewis*, at p. 1247.) Thus, the *Lewis* court held the "use of the terms 'heard' or 'hearing' does not require an opportunity for an oral presentation, unless the context or other language indicates a contrary intent." (*Ibid.*) In explaining this analysis, the *Lewis* court noted the *Sweat* and *Mediterranean* courts appeared to have reached different conclusions on the issue whether a litigant has the right to an oral hearing on a summary judgment motion, but expressly declined to "consider the validity" of either decision. (*Lewis, supra,* 19 Cal.4th at p. 1248, fn. 10.)

## II. *Analysis*

Concerned about the current lack of clarity with respect to the oral hearing requirement in the summary judgment context, we issued an order to show cause on the Brannons' writ petition to evaluate a party's right to an oral argument in summary judgment proceedings in light of *Lewis* and the governing statutes and rules. Guided by *Lewis*, we focus primarily on the legislative intent as reflected in the statutory language and other relevant statutory indicia.

■ We begin by examining section 437c, the summary judgment statute. This code section does not expressly state that a party to a summary judgment motion is entitled to an oral hearing. But it does refer in several places to the requirement of a "hearing" or to a requirement that the motion be "heard." (§ 437c, subds. (a), (b).) Read in context, many of these references are to the narrow meaning of the word "hearing," e.g., an "oral" proceeding. For example, section 437c, subdivision (a) provides "[n]otice of the motion and supporting papers shall be served on all other parties to the action at least 75 days before *the time appointed for hearing.*" (Italics added.) Section 437c, subdivision (b) likewise states that opposition and reply papers must be filed within a specified time "preceding the noticed or continued *date of hearing.*" (Italics added.) These references to a "time appointed for hearing" and "date of hearing" as mandatory trigger dates for the filing of written papers show the Legislature contemplated an oral hearing date would be part of the mandatory summary judgment procedures. (See *Lewis v. Superior Court, supra,* 19 Cal.4th at p. 1250.) Although other references in the statute appear to refer to a "hearing" in the broader sense of a judicial consideration of the matter (see, e.g., § 437c, subds. (b), (d)), these additional references do not undermine the conclusion that the Legislature intended and expected that an oral hearing would be scheduled at which time the parties would have the right to appear and argue their case for or against summary judgment.

This conclusion is supported by the statutes governing motions generally. Most persuasive on this ground is section 1005.5, which provides: "A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled . . . ." Although the phrase "hearing of the motion," on its face, does not necessarily mean an oral hearing, this meaning becomes clear when viewing the Legislature's original purpose for enacting the code section. As explained by Professor Witkin, the Legislature enacted section 1005.5 to abolish the former requirement that a motion required an *"oral application"* to the court, but at the same time to "protect[] the *right* of either party to appear and be heard." (6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 36, p. 431; see *Ensher, Alexander & Barsoom v. Ensher* (1964) 225 Cal.App.2d 318, 325 [37 Cal.Rptr. 327].) Because the Legislature intentionally retained the concept of a party's right to appear and to orally argue a motion when it eliminated the requirement that a notice of motion be presented orally, we conclude the Legislature intended to provide parties to a summary judgment motion with this right because there is no language to the contrary in the summary judgment statute.

Consistent with sections 437c and 1005.5, the California Rules of Court frequently refer to a "hearing" in the narrow sense of an "oral" proceeding. For example, Rule 321 sets forth rules regarding dates and times for law and motion "hearings," and provides that a party may waive his or her appearance unless the court orders otherwise. Rules 343 and 345 provide that litigants who wish to raise evidentiary objections at a summary judgment "hearing" must arrange for a court reporter, or the objections must be submitted in writing three days before the "hearing." Rule 317(c) refers to the "time appointed for the hearing." Rule 323 governs the presentation of oral evidence at a "hearing."

The California Rules of Court and implementing local rules applicable to tentative rulings similarly show that the drafters of the rules intended to provide the opportunity for an oral hearing in a pretrial proceeding such as a summary judgment motion. (See *Medix Ambulance Service, Inc. v. Superior Court* (2002) 97 Cal.App.4th 109, 115 [118 Cal.Rptr.2d 249].) Rule 324 provides two ways in which superior courts may elect to issue tentative rulings on motions. (Rule 324(a).) First, a trial court may offer a tentative ruling and *require* a notice of intent to appear at an oral hearing. (Rule 324(a)(1).) Under this procedure, a court issuing a tentative ruling may require (i.e. "direct") oral argument *or* "[i]f the court has not directed argument, oral argument shall be permitted only if a party notifies all other parties and the court by 4:00 p.m. on the court day prior to the hearing of the party's intention to appear." (Rule 324(a)(1).) This procedure contemplates that a

party be given the opportunity to request oral argument because a tentative ruling becomes final only if the court has "not directed oral argument and notice of intent to appear has not been given." (Rule 324(a)(1).)

Under the second method for issuing tentative rulings, the superior court may issue a tentative ruling without requiring a notice of intent to appear. (Rule 324(b)(2).) Rule 324(a)(2) provides that under this procedure, "[t]he tentative ruling . . . shall not become the final ruling of the court until the hearing." (Rule 324(a)(2).) The right to an oral hearing is thus necessarily assumed under this procedure. Because the tentative ruling does not become the final ruling "until the hearing," this rule makes sense only if the word "hearing" is interpreted to be an oral proceeding. (Rule 324(a)(1).)

The local rules provide that the San Diego Superior Court follows the required "notice to appear" tentative ruling procedure set forth in rule 324(a)(1). (Superior Ct. San Diego County, Local Rules, rule 2.19.) Specifically, the applicable rule states in relevant part: "The tentative ruling may note any issues on which the court wishes the parties to provide further argument and whether the court wishes to have the parties appear. *Any party designating oral argument shall notify all other parties and the court of its desire for oral argument within two (2) court days following the tentative ruling date. If oral argument is requested, it will be heard at a time designated by the court, one week following the tentative ruling.*" (Italics added.) By stating that if oral argument is requested, "*it will be heard at a time designated by the court,*" the drafters of the local rules recognized a party's right to an oral hearing upon request and proper notice.

In addition to the specific statutory and rule language, we glean the Legislature's intent to confer an oral argument right on summary judgment motions from the Legislature's view of the importance of the summary judgment process in our civil litigation system. As the Legislature recently recognized in explaining the reason it was extending the time deadlines to respond to a summary judgment motion, both the moving and opposing parties have substantial rights at stake in the procedure. (Stats. 2002, ch. 448, § 1.) The plaintiff may be precluded from presenting his or her case to a jury despite the existence of disputed factual issues, and the defendant may be required to continue to defend a costly lawsuit despite the lack of any real triable issues. Because of these far-reaching consequences, the Legislature stated that it is essential that both sides have a full and fair opportunity to address the merits of a summary judgment motion. (*Ibid.*) Providing parties with the opportunity to orally argue summary judgment motions substantially promotes this legislative objective. An oral hearing on a summary judgment motion will ensure the parties' critical pretrial rights are protected by providing the parties with an

opportunity to address perceived legal and factual misconceptions in the court's tentative rulings, and will also enhance the quality of justice, reduce the need for appellate and/or writ review, and promote the appearance of fairness. (See *Victor v. Hedges* (1999) 77 Cal.App.4th 229, 244–245 [91 Cal.Rptr.2d 466]; *Mediterranean, supra,* 66 Cal.App.4th at pp. 264–265; see also *Medix Ambulance Service, Inc. v. Superior Court, supra,* 97 Cal.App.4th at p. 112.)

In concluding the applicable statutes and rules require a party be given the opportunity to orally argue a summary judgment motion, we find our prior reliance on the line of pre-1970 cases was misplaced because none of these decisions involved a summary judgment proceeding and none focused on the relevant statutory language. (*Sweat, supra,* 37 Cal.App.4th at pp. 613–614.) We note, however, that our decision in this case should not be interpreted to mean we have concluded that oral argument is required on every motion brought in superior court. We have considered only the right to oral argument on a summary judgment motion. The extent to which oral argument may be required on another type of motion depends on the relevant statutory language and other factors unique to the governing statutory scheme. (See *TJX Companies, Inc. v. Superior Court* (2001) 87 Cal.App.4th 747, 750–751 [104 Cal.Rptr.2d 810] [setting forth factors relevant in determining whether a statute requires the opportunity for oral argument]; *Titmas v. Superior Court* (2001) 87 Cal.App.4th 738, 742 [104 Cal.Rptr.2d 803].)

■ We further emphasize that trial courts "retain extensive discretion regarding how [a summary judgment] hearing is to be conducted, including imposing time limits and adopting tentative ruling procedures . . . ." (*Mediterranean, supra,* 66 Cal.App.4th at p. 265.) Although a court may not refuse entirely to hear oral argument on a summary judgment motion, a court has substantial discretion to impose reasonable limitations, including to limit the time and subject matter of the argument. Further, a court has broad discretion to determine that a party waived the right to oral argument by failing to timely and properly invoke the procedure.

■ Finally, we reject Crippen's argument that the Brannons waived the right in this writ proceeding to assert error with respect to the denial of oral argument because they did not specifically request oral argument after the court issued its ruling stating "[n]o oral argument will be entertained." Where a court in plain and unambiguous language states in a written order that it will not entertain oral argument, a party is not required to object to the order before raising the issue in a writ petition or on appeal.

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its order of August 22, 2003, and to schedule a hearing at which the parties are given the opportunity to appear and present argument on the motion. Each party to bear its own costs in the writ proceeding.

McConnell, P. J., and Benke, J., concurred.