Filed 5/3/21  Residual Income Opportunities v. Cybersource Corp. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| RESIDUAL INCOME OPPORTUNITIES, INC., et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>CYBERSOURCE CORPORATION,<br><br>Defendant and Respondent. | B304534<br><br>(Los Angeles County Super. Ct. No. BC627326) |

APPEAL from an order of the Superior Court of Los Angeles County, Yolanda Orozco, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Catanzarite Law Corporation, Kenneth J. Catanzarite and Brandon E. Woodward for Plaintiffs and Appellants.

Farella Braun + Martel, Carly O. Alameda, Sushila Chanana and Kelly M. Matayoshi for Defendant and Respondent.

The parties accepted the trial court's offer to submit on the tentative ruling, which sustained defendant's demurrer to two causes of action without leave to amend but overruled it as to a third cause of action.  The promise was that if the parties submitted on the tentative, that would be the ruling.  However, the final order was different.  It sustained the demurrer in its entirety without leave to amend and dismissed the moving defendant from the action; and it did so in this critical pretrial matter without affording plaintiffs oral argument as to that part of the ruling that was being changed.

We reverse only that portion of the order that was different than the tentative and remand the matter to the trial court with directions to allow plaintiffs a fair opportunity to orally argue the demurrer as to the third cause of action.

## BACKGROUND

Unable to satisfy a judgment, plaintiffs Residual Income Opportunities, Inc. and Reuven Cypers brought this action against numerous defendants seeking to reach various assets they believed had been fraudulently transferred away to make the debtor judgment-proof.  Believing that Cybersource Corporation, dba Authorize.net (Cybersource) was one of the entities that helped in that effort, plaintiffs added it as a Doe defendant to their first amended complaint.  Cybersource successfully demurred on the ground of uncertainty.

The second amended complaint named Cybersource in the second cause of action (to set aside a fraudulent transfer), the third cause of action (for conspiracy to defraud), and the fourth cause of action (for declaratory relief).  Cybersource filed a general demurrer.  Although plaintiffs had notice, they failed to

2

file any opposition to the demurrer because of counsel's admitted calendaring error.

The trial court issued a tentative ruling stating its intention to sustain the demurrer to the second and fourth causes of action without leave to amend, but to overrule the demurrer to the third cause of action. The court attached a notice that the parties could submit on the tentative ruling by email and that if "all parties to the motion submit, *this tentative ruling will become the final ruling after the hearing date* and it will be memorialized in a minute order." (Italics added.) Both parties submitted on the tentative.[1]

But after the hearing date, the trial court entered a different order: It sustained the demurrer as to all three causes of action. The trial court denied leave to amend because plaintiffs had not filed opposition indicating how they would cure the defects. Plaintiffs timely appealed Cybersource's dismissal from the lawsuit.

## DISCUSSION

There is no absolute right to oral argument on every law and motion matter. (*Diaz-Barba v. Superior Court* (2015) 236 Cal.App.4th 1470, 1490.) However, parties are "entitled to oral argument in 'critical pretrial matters' where there is a 'real and genuine dispute.' " (*Medix Ambulance Service, Inc. v. Superior Court* (2002) 97 Cal.App.4th 109, 114 (*Medix*) [demurrer]; see *Brannon v. Superior Court* (2004) 114 Cal.App.4th 1203, 1210–1211 [motion for summary

---

[1] We deny plaintiffs' motion filed July 6, 2020, for leave to produce additional evidence or to take judicial notice.

judgment]; *TJX Companies, Inc. v. Superior Court* (2001) 87 Cal.App.4th 747, 751 (*TJX*) [demurrer]; *Titmas v. Superior Court* (2001) 87 Cal.App.4th 738, 742 [motion to quash].)

A demurrer has been held to be a critical pretrial matter for which oral argument is required. (*Medix, supra,* 97 Cal.App.4th at p. 115; *TJX, supra,* 87 Cal.App.4th at p. 753.) Of course, parties may elect to waive argument. Courts may by local rule offer a tentative ruling procedure in which the parties may decline oral argument. (See Cal. Rules of Court, rule 3.1308(a) & (b).) But basic principles of due process require that parties who want to exercise their right to oral argument on a demurrer be afforded that opportunity.

Here, the trial court issued a tentative ruling on Cybersource's demurrer. Pursuant to the California Rules of Court and the Local Rules of Los Angeles County Superior Court, it offered the parties the opportunity to waive oral argument but with the promise that, if they submitted, the tentative would become the final ruling. The parties accepted that offer when, as the minute order reflects, they both "submit[ted] to the Court's tentative ruling via e-mail." But the court apparently had a change of mind, concluded that its tentative ruling on the third cause of action was incorrect, and not only sustained the demurrer as to that cause of action but sustained it without leave to amend. Further, it made the change without affording plaintiffs an opportunity to engage the court in oral argument and, if necessary, to request leave to amend.

Although the Local Rules of Los Angeles County Superior Court in effect at the time provided that the "court is not bound by a tentative ruling, whether or not a party has submitted the case based on the stated tentative ruling" (Super. Ct. L.A.

4

County, Local Rules, rule 9.7(e)), a local rule may not supersede controlling state law.  (See, e.g., Cal. Rules of Court, rule 3.20(a) [Judicial Council has preempted all local rules relating to demurrers].)  More specifically, local rules may not deprive a party of basic due process.

Further, we note that the final ruling, and the dismissal of Cybersource, were entered immediately.  Plaintiffs were effectively precluded from challenging the new ruling in the trial court.  Plaintiffs had no opportunity to seek reconsideration or relief from counsel's admitted inexcusable failure to file opposition.  They had no opportunity to advise the court as to how they could cure the claimed deficiencies in the amended complaint.[2]  A court may always change its mind to correct its own error.  But having promised to enter the tentative ruling as its final order if the parties submitted, the court could not, without adequate notice and a fair opportunity to be heard, enter a different order.  Plaintiffs' victory here may well be pyrrhic, but they must be given the chance to object to the change in the ruling and, if necessary, explain how they might amend.

---

[2] The court undergirded its order sustaining the demurrer to the third cause of action without leave to amend on the ground plaintiffs did not file opposition or indicate how they could cure the deficiencies.  But having accepted the tentative, plaintiffs had no reason to seek relief from their failure to file opposition or to propose amendments to cure any defects in that count.  In briefing and at oral argument before us, plaintiffs' counsel suggested the third cause of action was sufficiently pled, but he could cure any supposed defects if leave were granted.  We express no opinion on the merits of the demurrer to the third cause of action or any request for leave to amend if the trial court concludes the demurrer to that count should be sustained.

5

## DISPOSITION

That portion of the order sustaining the demurrer to the third cause of action for conspiracy to defraud is reversed and the matter remanded to the trial court to afford the parties oral argument on the demurrer as to that cause of action only.[3]  In all other respects, the order is affirmed.  Plaintiffs are awarded their costs on appeal.

NOT TO BE PUBLISHED.


SALTER, J.[*]


We concur:


LAVIN, Acting P. J.


EGERTON, J.

---

[3] Our disposition does not preclude the plaintiffs from filing a motion for relief for failure to file opposition.

[*] Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.