[S. F. No. 1220. Department One.—July 19, 1900.]

## CHARLES CARPY, Respondent, v. JAMES DOWDELL et al., Appellants.

STATUTORY CONSTRUCTION—REASON AND INTENTION OF LAW CONTROLLING LETTER.—A statute may be construed contrary to its literal meaning when a literal construction would result in an absurdity or inconsistency; and the reason and intention of the lawgiver will control the strict letter of the law when to adhere to the strict letter would lead to injustice or absurdity.

ID.—CONSTRUCTION OF CODE—MOTION TO RETAX COSTS—FILING OF SECOND NOTICE.—Section 1033 of the Code of Civil Procedure, which provides that "a party dissatisfied with the costs claimed may, within five days after notice of the filing of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered or by the judge thereof at chambers," is not to be construed literally so as to subvert the settled practice of serving and filing a written notice of the motion, specifying the objections to the cost bill and the time when the application to the court or judge will be made to correct or strike it out; and such practice is a substantial compliance with the statute.

ID.—CODE MAXIM—SUBSTANCE OF LAW PREFERRED TO FORM.—It is one of the maxims of the law, embodied in section 3528 of the Code of Civil Procedure, that the law respects form less than substance.

APPEAL from an order of the Superior Court of Napa County refusing to hear a motion to strike out a cost bill and certain items thereof. E. D. Ham, Judge.

The facts are stated in the opinion of the court.

Rodgers & Paterson, and F. E. Johnston, for Appellants.

Daniel Titus, for Respondent.

VAN DYKE, J.—This is an appeal from an order refusing to hear the motion of the defendants to tax the cost bill filed by the plaintiff. The defendants within the proper time served on the plaintiff a notice that they were dissatisfied with the cost bill filed by the plaintiff, and that they would move the court to strike out certain items therein, and to retax said costs. The hearing of the matter was continued from time to time by

stipulation of counsel, and on October 25, 1897, in open court, counsel for defendants applied orally to the court for an order as prayed for in the notice of motion to strike out and to tax said cost bill. Counsel for plaintiff thereupon objected to the reading of the notice of motion, or to the hearing of any application to tax costs, or to strike out the memorandum of costs, on the ground that no written motion had been presented or filed, and the court sustained the objection made by counsel for plaintiff on said ground.

The action of the court in refusing to act upon defendants' motion is based upon a literal construction of that portion of section 1033 of the Code of Civil Procedure which reads as follows: "A party dissatisfied with the costs claimed may, within five days after notice of the filing of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers." The practice, however, has been quite general, after a written notice of motion has been given of intention to strike out or to amend or retax a cost bill, to make the motion according to the notice before the court orally, and no good reason appears why a separate motion should be filed. A statute may be construed contrary to its literal meaning when a literal construction would result in an absurdity or inconsistency. (Sutherland on Statutory Construction, sec. 323; *Merced Bank v. Casaccia*, 103 Cal. 645.) In seeking the object which section 1033 of the Code of Civil Procedure was intended to accomplish, it may be proper to look at the law as it existed before this section was amended. The section, as found in the first edition of the codes of 1873 and 1874, is the same as section 510 of the old practice act. As it then stood it did not provide for service of the memorandum of costs on the adverse party, and there was nothing providing the manner in which a party dissatisfied with the cost claimed might obtain relief. The practice, however, had been determined by the decisions of the courts. Thus, in *Meeker v. Harris*, 23 Cal. 286, it was said: "If they [the plaintiffs] have included in their bills of costs items to which they are not legally entitled, the remedy of the defendants is by motion to retax the costs and to strike out the objectionable items." But there was no time fixed within which the motion should be made, nor

where it should be made, whether before the court or the judge at chambers. This section of the code, however, was amended at the next session of the legislature by the act of March 24, 1874. By the amendment the time of filing the memorandum of costs was enlarged from two to five days; a provision for the service of the memorandum of costs upon the adverse party was added, and a final paragraph prescribing how relief might be had against the insertion of improper items in the memorandum was enacted as a new provision. It was new, however, only in the sense of being a provision provided by statute, because, as already shown, the remedy to retax was in existence under the practice as defined by the court. All that was new was in fixing a definite time within which the motion should be made, and a provision that it might be made either before the court or in chambers.

The reason and intention of the lawgiver will control the strict letter of the law in interpreting the same, when to adhere to the strict letter would lead to injustice or absurdity. The substance of the law as it stands is that the party who is dissatisfied with the bill of costs as filed must within a certain time make his objection known and the grounds on which he will move the court to correct or strike out the cost bill. When this is done by the proper notice in writing, served and filed, specifying the time when the application to the court or judge will be made, the object of the law would seem to have been complied with, and no useful purpose would be subserved by requiring the motion to be committed to writing instead of being made orally to the court or judge in the usual manner. It is one of the maxims of the law that it respects form less than substance. (Civ. Code, sec. 3528.)

We think the court below erred in refusing to hear the motion to retax the costs on the ground that said motion was not made in writing, and the order to that effect is reversed.

Harrison, J., and Garoutte, J., concurred.