By the Court.
 

 The question presented for determination is whether the presentation of a diploma from the University of Lausanne, Switzerland, by the relator requires the State Medical Board to permit him to take the regular examination conducted by the board
 
 *291
 
 for admission to the practice of medicine and surgery in Ohio.
 

 The statutes governing the matter are as follows:
 

 Section 1270, General Code, reads in part:
 

 “* * * The applicant must also produce a diploma from a medical institution in the United States in good standing as defined by the board at the time the diploma was issued, or a diploma or license approved by the board which conferred the full right to practice all branches of medicine or surgery in a foreign country.”
 

 Section 1272, General Code, reads:
 

 “The State Medical Board, shall admit to the examination an applicant holding the credentials set forth in Section 1270.”
 

 For the purpose of the demurrer the operative allegations in the petition are admitted to be true.
 

 The relator had a diploma from an accredited medical school in a foreign country but was not licensed to practice in that country. In substance the contention of the relator is that a citizen of Switzerland who comes to this country and seeks to take the medical examination would be permitted to do so under proper construction of our statutes whereas a citizen of the United States who graduated from an accredited medical school in Switzerland but who cannot be licensed to practice in that country is not permitted to take the examination. To sustain his contention he relies on the case of
 
 Leo
 
 v.
 
 Board of Medical Examiners of California,
 
 36 Cal. App. (2d), 490, 97 P. (2d), 1046, in which it was held that the California statute would be construed as applying to alien applicants only.
 

 It is enough to say that the California statute is different and the decision has no application here.
 

 As we construe the Ohio statute it makes no difference whether the applicant has a diploma from a foreign institution or a license to practice in that coun
 
 *292
 
 try where the school is located. In either event two things are necessary, (a) the diploma or license, as the case may be, must be approved by the board, and (b) such diploma or license must confer the full right to practice all branches of medicine and surgery in a foreign country. It is plain therefore that our statute makes no distinction between an alien and a citizen of this state and it is a valid and constitutional enactment.
 

 Either a diploma or license may be presented. Both are not necessary. Whichever is presented must be approved by .the board before the applicant takes the examination. Is the averment that the University of Lausanne is in good standing with and recognized, accredited and approved by the board the equivalent of an averment that the diploma has been approved? In our judgment it is not. The right to approve exists at the time the diploma is presented, notwithstanding previous action as to the good standing of the institution which issued the diploma. The board had a right in the exercise of its discretion to withhold approval of the diploma. The allegations of the petition do not show any abuse of discretion.
 

 If the statute does an injustice the appeal for relief must be made to the Legislature.
 

 Demurrer sustained.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.