Filed 9/22/21  Pacheco v. Tuttle CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RICHARD PACHECO et al., Plaintiffs and Respondents, v. GREG S. TUTTLE, Defendant and Appellant. | B302508 (Los Angeles County Super. Ct. No. KS019694) |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Paul Cook for Defendant and Appellant.

Jimmy L. Gutierrez A Law Corp. and Jimmy L. Gutierrez; Pollak, Vida & Barer, Daniel P. Barer and Anna L. Birenbaum for Plaintiffs and Respondents.

Defendant and appellant Greg Tuttle (Tuttle) appeals from an order of the trial court denying Tuttle's motion to tax costs and awarding appellate costs of $1,627 to plaintiffs and respondents Richard Pacheco, Manuel Lozano, and Monica Garcia (collectively, plaintiffs). Tuttle contends the trial court was required to hold an oral hearing on his motion to tax costs, and plaintiffs were entitled to recover, at most, costs of $8.40. We find no abuse of discretion, and thus we affirm the costs award.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     *Underlying Litigation*

On February 23, 2016, Pacheco, a member of the Baldwin Park City Council, filed a request for a civil harassment restraining order against Tuttle (Code Civ. Proc.,[1] § 527.6), and obtained a temporary restraining order. Pacheco alleged a course of conduct by Tuttle, including following Pacheco in his vehicle during a 2015 reelection campaign, making threatening statements during a city council meeting, and following Pacheco and his wife to a restaurant and hotel in Santa Barbara.

On March 4, 2016, Lozano, Baldwin Park's mayor, and Garcia, another member of the city council, filed separate requests for restraining orders against Tuttle, alleging similar conduct by him. Their requests for temporary restraining orders, which were heard by a different bench officer, were denied on the ground that Lozano and Garcia had not sufficiently shown acts of violence, threats of violence, or a course of conduct that seriously alarmed, annoyed, or harassed them and caused them substantial emotional distress.

---

[1]     All subsequent undesignated statutory references are to the Code of Civil Procedure.

2

On March 15, 2016, the matters were reassigned to a third bench officer, who held a hearing on plaintiffs' requests for restraining orders. At the conclusion of the hearing, the trial court ruled that plaintiffs had failed to meet their burden of proving harassment by clear and convincing evidence, and it thus dissolved the temporary restraining order entered in favor of Pacheco and dismissed the cases.

On April 18, 2016, Tuttle filed a motion seeking attorney fees of $94,934 under the civil harassment restraining order statute (§ 527.2) and the private attorney general statute (§ 1021.5).[2] Plaintiffs opposed the motion. After a hearing, the trial court ruled that the amount Tuttle had requested was excessive, and it therefore denied the request for attorney fees.

### B. Prior Appeal

Tuttle timely appealed from the orders denying his motions for attorney fees. In an unpublished opinion filed November 20, 2018, we concluded that Tuttle had forfeited his request for attorney fees pursuant to section 425.16, and the trial court acted within its discretion in declining to award attorney fees in any amount. We therefore affirmed the order denying Tuttle attorney fees. Our disposition stated: "The May 5, 2016 orders denying Tuttle's motions for attorney fees are affirmed. Respondents shall recover their costs on appeal."

### C. Further Trial Court Proceedings

In April 2019, plaintiffs' appellate counsel, Daniel Barer, filed in the trial court a memorandum of costs on appeal (Judicial

---

[2] Although Tuttle had filed an anti-SLAPP motion pursuant to section 425.16, the court did not rule on the motion and Tuttle did not seek attorney fees under the anti-SLAPP statute.

3

Council Form APP-013).  In it, Barer stated under penalty of perjury that the following items of costs "are correct and were necessarily incurred in this case on appeal":

| | |
|---|---|
| Filing fees: | $802.20 |
| Preparation of the original and copies of clerk's transcripts or appendix: | $259.42 |
| Preparation of reporter's transcript: | $399.84 |
| Printing and copying of briefs: | $106.50 |
| Transmitting, filing, and service of record, briefs, and other papers: | $59.80 |
| TOTAL COSTS: | $1,627.76 |

On May 8, 2019, Tuttle filed a motion to tax costs, which he noticed for hearing eight months later, on January 10, 2020.  He contended:  (1) plaintiffs could not recover costs because Barer had not filed an association of counsel in the trial court; (2) plaintiffs had not filed any evidence of their claimed appellate costs;[3] (3) plaintiffs were not entitled to recover costs because the trial court previously had ordered both parties to bear their own costs; (4) plaintiffs acted with unclean hands, and (5) plaintiffs' claimed costs were excessive.  With regard to the latter contention, Tuttle challenged each element of plaintiffs' claimed

---

[3]    Tuttle asserted, incorrectly, that plaintiffs should not be permitted to introduce evidence of their costs in opposition to the motion to tax because " 'new evidence is not permitted with [additional] papers.' "

4

costs, but provided no evidence that such costs were excessive. Tuttle therefore asked the trial court to deny plaintiffs' request for costs in its entirety; in the alternative, he contended plaintiffs were entitled to recover, at most, costs of $8.40.

On May 9, 2019, Tuttle's counsel sent a letter to the trial court requesting dismissal of plaintiffs' costs memorandum on the ground that it was filed by "an uninterested party"—namely, by Attorney Barer, who had represented plaintiffs on appeal, but had not filed an association of counsel in the trial court. Thereafter, on May 22, 2019, plaintiffs' trial attorney filed notice that he "hereby associates Pollak, Vida & Barer as co-counsel for" plaintiffs.

On October 22, 2019, the trial court issued a minute order (1) denying Tuttle's motion to tax costs, (2) approving plaintiffs' memorandum of costs, and (3) advancing and vacating the January 10, 2020 hearing date. The court specifically stated that in ruling on the motions, it had read and considered the memorandum of costs on appeal, the motion to tax, this court's remittitur, and the court file.[4]

Tuttle timely appealed from the October 22, 2019 order.

## DISCUSSION

Tuttle contends the trial court abused its discretion by failing to hold an oral hearing on his motion to tax costs. He further contends the trial court erred by awarding costs in excess of $8.40 because (1) plaintiffs provided no evidence of their asserted costs, (2) the costs memorandum was filed by appellate counsel, who was not of record in the trial court, and (3) plaintiffs

---

[4] Because the hearing was set for January, plaintiffs' opposition to the motion was not yet due and had not been filed.

5

had unclean hands. As we discuss, none of these claims has merit.

## I.

## Legal Principles and Standard of Review

California Rules of Court,[5] rule 8.278, provides that the party prevailing in the Court of Appeal in a civil case "is entitled to costs on appeal." (Rule 8.278(a).) Accordingly, unless the Court of Appeal directs otherwise, the clerk of the court "*must* enter on the record, and insert in the remittitur, a judgment awarding costs to the prevailing party." (*Id.*, (b)(1), italics added.)

The prevailing party may recover the following costs, among others, if reasonable:

"(A)   Filing fees;

"(B)   The amount the party paid for any portion of the record, whether an original or a copy or both. The cost to copy parts of a prior record under rule 8.147(b)(2) is not recoverable unless the Court of Appeal ordered the copying;

"(C)   The cost to produce additional evidence on appeal;

"(D)   The costs to notarize, serve, mail, and file the record, briefs, and other papers;

"(E)   The cost to print and reproduce any brief, including any petition for rehearing or review, answer, or reply." (Rule 8.278(d)(1).)

To claim appellate costs, a prevailing party must, within 40 days of the issuance of the remittitur, "serve and file in the superior court a verified memorandum of costs under

---

[5]   All subsequent rule references are to the California Rules of Court.

6

rule 3.1700." (Rule 8.278(c)(1).) The verified memorandum of costs " 'is prima facie evidence that the costs, expenses and services therein listed were necessarily incurred.' " (*Litt v. Eisenhower Medical Center* (2015) 237 Cal.App.4th 1217, 1224 (*Litt*); *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131 (*Nelson*).)

The losing party may dispute any or all the items in the prevailing party's memorandum of costs by filing a motion to strike or tax costs. (Rule 8.278(c)(2); *Doe v. Los Angeles County Dept. of Children & Family Services* (2019) 37 Cal.App.5th 675, 693.) If an item of costs appears proper on its face, the burden is on the objecting party to show the costs to be unnecessary or unreasonable. (*Litt, supra*, 237 Cal.App.4th 1217, 1224; *Nelson, supra*, 72 Cal.App.4th at p. 131.) Such burden is not met by mere conclusory statements and arguments contained in the motion to tax costs; rather, an objection to a facially reasonable and awardable cost item must be accompanied by evidence or supporting documentation. (*Nelson*, at p. 131.) Only if an item of costs is facially *improper* does the objecting party's mere objection, without more, shift the burden of proving that the costs were reasonable and necessary onto the party claiming them. (*Ibid.*; see also *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 71.) "The [trial] court's first determination, therefore, is whether the statute expressly allows the particular item, and whether it appears proper on its face. [Citation.] If so, the burden is on the objecting party to show them to be unnecessary or unreasonable." (*Nelson*, at p. 131; see also *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 855 [same].)

7

" 'Generally, a trial court's . . . award of . . . costs . . . is reviewed for abuse of discretion.' (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332; see *Castro v. Superior Court* (2004) 116 Cal.App.4th 1010, 1017 ['the propriety or amount of an attorney fees award is reviewed using the abuse of discretion standard'].)" (*Jones v. Goodman* (2020) 57 Cal.App.5th 521, 532–533.) " 'An abuse of discretion occurs only if the reviewing court, considering the applicable law and all of the relevant circumstances, concludes that the trial court's decision exceeds the bounds of reason and results in a miscarriage of justice.' [Citation.] In applying the abuse of discretion standard, 'we resolve all evidentiary conflicts in favor of the [decision] and determine whether [it] " 'falls within the permissible range of options set by the legal criteria.' " [Citation.]' " (*Orange Catholic Foundation v. Arvizu* (2018) 28 Cal.App.5th 283, 292–293.)

## II.
## The Trial Court Did Not Abuse Its Discretion
## by Awarding Appellate Costs of $1,627

### A.    *The Trial Court Was Not Required to Hold an Oral Hearing on Tuttle's Motion to Tax Costs*

Tuttle contends the trial court erred by denying him a hearing on his motion to tax costs. Plaintiffs disagree, urging that it was within the trial court's discretion to deny the motion to tax costs without an oral hearing. As we discuss, plaintiffs are correct.

Our Supreme Court discussed the requirement for an oral hearing in *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1247 (*Lewis*), where it considered the issue in the context of a peremptory writ of mandate. The high court explained that the right to an oral hearing turns on the intent of the Legislature as

8

expressed in the relevant statutory language. The procedures governing a peremptory writ of mandate were described in section 1088, which provided that when a peremptory writ of mandate was sought, " '[*t*]*he case must be heard by the court, whether the adverse party appears or not.*' " (*Lewis*, at p. 1245, quoting § 1088.) Although the court noted that although the "usual and ordinary" meaning of "heard" commonly includes an auditory component, "when used in a legal sense [it does] not necessarily encompass oral presentations." (*Id.* at p. 1247.) Thus, the court said, the requirement that a case be "heard" "does not require an opportunity for an oral presentation, unless the context or other language indicates a contrary intent." (*Ibid.*)

In the case before it, the court held, after examining the relevant statutory language and history, that an oral hearing was not required on a petition for a peremptory writ if the appellate court did not grant a petition for alternative writ or issue an order to show cause.[6] The court explained: "The use of the term 'heard' in section 1088, authorizing issuance of a peremptory writ in the first instance, does not appear to contemplate consideration of oral argument. In context, the requirement that the case 'must be heard' means that the court cannot issue the writ by default, but rather must consider and evaluate the petition before granting the relief requested . . . ." (*Lewis, supra,* 19 Cal.4th at p. 1250.) Accordingly, "the right to an opportunity for oral argument on appeal does not extend to proceedings in

---

[6] The court did not articulate its standard of review, but it is well established that interpretation of a statute is a question of law that appellate courts review de novo. (E.g., *Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190; *People v. Jimenez* (2020) 9 Cal.5th 53, 61.)

which an appellate court is authorized to issue a peremptory writ in the first instance." (*Id.* at pp. 1260–1261.)

Applying the principles articulated in *Lewis*, the court in *Brannon v. Superior* Court (2004) 114 Cal.App.4th 1203, 1207–1211 (*Brannon*) considered whether parties have the right to an oral hearing in connection with a motion for summary judgment. The court noted that section 437c "refer[s] in several places to the requirement of a 'hearing' or to a requirement that the motion be 'heard,' " and it concluded that, read in context, "many of these references are to . . . an 'oral' proceeding." (*Id.* at p. 1208.) The court explained: "[S]ection 437c, subdivision (a) provides '[n]otice of the motion and supporting papers shall be served on all other parties to the action at least 75 days before *the time appointed for hearing*.' (Italics added.) Section 437c, subdivision (b) likewise states that opposition and reply papers must be filed within a specified time 'preceding the noticed or continued *date of hearing*.' (Italics added.) These references to a 'time appointed for hearing' and 'date of hearing' as mandatory trigger dates for the filing of written papers show the Legislature contemplated an oral hearing date would be part of the mandatory summary judgment procedures." (*Ibid.*)

The court reached a similar conclusion with regard to demurrers in *TJX Companies, Inc. v. Superior Court* (2001) 87 Cal.App.4th 747, 750–755 (*TJX*), concluding that under the language of the statute, a hearing was required. The court explained: "A party who demurs to a complaint is entitled to a 'hearing' on a specified date. (Cal. Rules of Court, rules 303(c), 325(b).) The court is permitted to change the hearing date to an earlier or later day 'on notice prescribed by the court,' but nothing in the rules permits it to dispense with the hearing date

10

altogether. (Cal. Rules of Court, rule 325(b).) The rules detail the procedure concerning rulings on demurrers when one or more parties fails to appear *at* 'the hearing.' (Cal. Rules of Court, rule 325(d).) With the exception of the tentative ruling procedure (where the court, by local rule, *may* adopt a tentative ruling procedure requiring parties to give advance notice of their intent to appear at oral argument), the rules are silent regarding decisions on the basis of the papers alone when the parties have not submitted. (Cal. Rules of Court, rules 324(a), 325(d).)" (*Id.* at p. 752.)

While *Brannon* and *TJX* hold that oral proceedings are required before a court rules on a demurrer and motion for summary judgment, we are not aware of any authority, and Tuttle has not pointed us to any, for the proposition that there is a right to an oral hearing in connection with a motion to tax costs. Nor are we persuaded that the Rules of Court require such a hearing. Rule 8.278, which governs awards of appellate costs, provides for only *written* submissions to the trial court—namely, for a "verified memorandum of costs under rule 3.1700" and a "motion . . . to strike or tax costs." (Rule 8.278(c).) Rule 3.1700, to which rule 8.278 refers, also does not require an oral hearing: It provides that a party claiming costs may "serve and file a memorandum of costs," and it permits a party contesting costs to file and serve a "motion to strike or to tax costs" within 15 days after service of the cost memorandum." (Rule 3.1700(a)(1), (b)(1).) We therefore find no indication in the language of the Rules of Court that an oral hearing is required in connection with a motion to tax costs.

Finally, none of the cases on which Tuttle relies supports the proposition that an oral hearing is required in connection

11

with a motion to tax costs.  As we have said, *Brannon*, *supra*, 114 Cal.App.4th 1203, and *TJX*, *supra*, 87 Cal.App.4th 747, as well as *Harbour Vista, LLC v. HSBC Mortgage Services Inc.* (2011) 201 Cal.App.4th 1496, 1507, addressed entirely different motions—namely, a motion for summary judgment, a demurrer to a class action complaint, and a quiet title judgment.  *612 South LLC v. Laconic Limited Partnership* (2010) 184 Cal.App.4th 1270 (*612 South*) addressed a motion for attorney fees, but held only that "under the unique circumstances of this case"—that is, where the moving party "never had the opportunity to present evidence" of some of its claimed $243,000 in attorney fees, and it was not clear whether the trial court ever considered the nonmoving party's motion to tax—a remand "for a determination of the reasonable amount of attorney fees and costs" was appropriate.  (*Id.* at pp. 1284–1285.)  Finally, *Carpy v. Dowdell* (1900) 129 Cal. 244, 246, arose in a completely different context, holding a trial court erred "in refusing to hear the motion to retax the costs on the ground that said motion *was not made in writing*."  (Italics added.)

Because the relevant provisions in the Rules of Court make no reference to an oral hearing, and no case has required a hearing in connection with a motion to tax costs, we cannot conclude that an oral hearing was required here.  We therefore reject Tuttle's contention that the trial court erred by failing to hold an oral hearing before denying the motion to tax costs.

B. *The Trial Court Did Not Abuse Its Discretion by Ordering Costs "Without Evidence"*

Tuttle next contends the trial court abused its discretion by awarding costs to plaintiffs "without [any] evidence."  The claim lacks merit.

12

First, Tuttle contends the trial court erred in awarding costs because plaintiffs "filed no evidence to prove any of their cost[s], except a memorandum of costs." As plaintiffs correctly note, however, the law is clear that the verified memorandum of costs is prima facie evidence of their propriety. (*612 South*, *supra*, 184 Cal.App.4th 1270, 1285; see also *Nelson*, *supra*, 72 Cal.App.4th at p. 131.) Here, plaintiffs timely submitted a verified costs memorandum in the trial court, and thus they made a prima facie case that those costs were recoverable. Moreover, because plaintiffs' claimed costs were facially proper— that is, they were the kinds of costs specifically made recoverable by rule 8.278(d)—the burden of showing that an item was not properly chargeable or was unreasonable was on *Tuttle*, not on plaintiffs. (*Nelson*, *supra*, 72 Cal.App.4th at p. 131.)

Second, Tuttle contends plaintiffs were not entitled to recover their appellate filing fees "because government agencies are not required to pay a filing fee under Cal. Gov. Code § 6103," and so if plaintiffs paid filing fees, it was "unreasonable" and a "mistake." Assuming without deciding that plaintiffs were not required to pay appellate filing fees under Government Code section 6103,[7] those fees nonetheless would be recoverable under Government Code section 6103.5, which provides that if a judgment is recovered by a public agency not required to pay filing fees, the judgment "*shall include* . . . the amount of the filing fee . . . which would have been paid but for Section 6103," and when collected on the judgment, that amount is due and

_____

[7] Government Code section 6103, subdivision (a), provides that filing fees are not required of public entities or public officers acting in their official capacities.

13

payable to the court clerk.  (Gov. Code, § 6103.5, subds. (a), (b), italics added.)  As one court has explained, "It is apparent that section 6103.5 considers the filing fees to be an existing debt that simply remains unpaid.  Filing fees are therefore costs incurred but not paid, which are recoverable under the general costs statute."  (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 163–164.)  The trial court therefore did not err in awarding filing fees; indeed, it lacked discretion to do otherwise.[8]

Third, Tuttle contends plaintiffs were not entitled to recover costs for the preparation of a respondents' appendix because "Tuttle prepared [an appellant's] appendix and hence, plaintiffs' work was redundant."  As we have said, rule 8.278(d)(1)(B) specifically provides that a prevailing party is entitled to recover fees associated with preparing the appellate record, and thus these costs presumptively were recoverable.  Neither in the trial court nor on appeal did Tuttle present any evidence that the respondents' appendix was duplicative of the appellant's appendix; moreover, a cursory review of the appendices filed in the prior appeal in which these costs were incurred reveals that respondents' appendix contains primarily documents omitted from appellant's appendix, and thus it was not redundant of that appendix.  The trial court thus did not err in awarding plaintiffs record preparation fees.

Fourth, Tuttle contends that plaintiffs were not entitled to recover the costs associated with obtaining a copy of the

---

[8]     On October 27, 2020, plaintiffs sought judicial notice of the fact that they were required to pay, and actually paid, filing fees.  Because plaintiffs' payment of filing fees is not relevant to our analysis, we will deny the request for judicial notice.

reporter's transcript because "Tuttle prepared and filed the reporter['s] transcript[]—not the plaintiffs," and plaintiffs purchased the transcript before the attorney fee award in the underlying case was entered. We are not persuaded. Rule 8.278 specifically provides that a prevailing party is entitled to recover the amount paid "for any portion of the record, *whether an original or a copy or both*." (Italics added.) Plaintiffs therefore were entitled to recover the costs associated with procuring their copy of the reporter's transcript in the prior appeal from the denial of attorney fees. Further, while rule 8.278 provides that a prevailing party may not recover the cost "to copy part of *a prior record* under rule 8.147(b)(2)" (italics added), there is no evidence that any part of the reporter's transcript for which costs were awarded was part of the record of a prior appeal. Plaintiffs therefore were entitled to recover the costs of obtaining a copy of the reporter's transcript.

Fifth, Tuttle urges that plaintiffs were not entitled to recover $106 for printing and copying briefs because their brief was unnecessarily long and "[b]y law, the plaintiffs, a government agency, are only allowed to charge $0.15 a page." In fact, the cost "to print and reproduce any brief" is recoverable pursuant to rule 8.278(d)(a)(E), and thus plaintiffs were entitled to recover the printing costs they actually incurred to reproduce their respondents' brief. Moreover, Tuttle cites no authority, and we are not aware of any, for the proposition that a government agency may recover only 15 cents per page.[9] The costs associated with printing the respondents' brief therefore were recoverable.

---

[9] We decline to consider the unpublished superior court ruling cited by Tuttle in which the court awarded copying costs of

15

Finally, Tuttle suggests plaintiffs should not have been awarded anything for serving briefs and records because "[a]ll service was done electronically or by email." Tuttle provides absolutely no evidence to support this claim, however, and plaintiffs' proofs of service in the prior appeal state that the respondents' brief and appendix were served on Tuttle's attorney and the trial court *by mail*. Thus, Tuttle has not established that the trial court erred in awarding plaintiffs service costs incurred in the prior appeal.

      C.      *The Trial Court Did Not Abuse its Discretion by Accepting a Cost Memorandum from an "Uninterested Party"*

Tuttle next contends that the trial court erred by accepting a costs memorandum filed by Attorney Daniel Barer, whom Tuttle characterizes as an "uninterested party." In fact, Barer was plaintiffs' appellate counsel, and thus he was the proper person to declare under penalty of perjury what plaintiffs' appellate costs were. Further, the memorandum of costs on its face reflected that it was filed on behalf of plaintiffs, who clearly were interested parties. While Tuttle asserts Barer should not

---

$.15/page. (See, e.g., *Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 399 [refusing to consider "unpublished, tentative decision from the superior court in Los Angeles County . . . in an unrelated case that has no precedential value and is not citable authority. (Cal. Rules of Court, rule 8.1115(a) [unpublished appellate court or superior court appellate department opinions 'must not be cited or relied on by a court or a party in any other action']; *Bolanos v. Superior Court* (2008) 169 Cal.App.4th 744, 761 [citation of unrelated trial court order improper].)"].)

16

have been permitted to file the costs memorandum because he was not counsel of record at the time he filed the costs memorandum, Tuttle cites no authority for the proposition that a party's appellate counsel must file an association of counsel in the trial court in order to file a cost memorandum on a client's behalf.  We therefore conclude the trial court properly considered the costs memorandum.

> D.     *The Trial Court Did Not Abuse its Discretion by Awarding Costs Under the Unclean Hands Doctrine*

Tuttle contends, finally, that plaintiffs were not entitled to an award of costs because they "acted and are still acting with unclean hands."  Not so.  A party who prevails in the Court of Appeal in a civil case is statutorily entitled to recover appellate costs (rule 8.278(a)(1) [prevailing party "*is entitled to* costs on appeal"], italics added), and, moreover, this court expressly awarded plaintiffs appellate costs in the prior appeal.  Accordingly, the trial court had no discretion to deny a costs award on the basis of plaintiffs' allegedly unclean hands.  (See, e.g., *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 ["the terms of the remittitur define the trial court's jurisdiction to act"]; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701 ["The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned."].)

## DISPOSITION

The order awarding appellate costs and denying Tuttle's motion to tax costs is affirmed.  Respondents' request for judicial notice, filed October 27, 2020, is denied.  (See fn. 8, *ante.*)  Respondents are awarded their appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.